Robert L. HARGRAVE, Appellant,

v.

E. G. WELLMAN, doing business as Wellman Enterprises, Appellee.

No. 16483.

United States Court of Appeals
Ninth Circuit.

Feb. 25, 1960.

Kouri & Banner, Jack Banner, Wichita Falls, Tex., L. R. Bretz, Great Falls, Mont., for appellant.

Alex Blewett, Jr., George N. McCabe, Art Jardine, John D. Stephenson, John H. Weaver, Great Falls, Mont., for appellee.

Before POPE, HAMLEY, and HAMLIN, Circuit Judges.

HAMLEY, Circuit Judge.

Dr. Robert L. Hargrave brought this diversity action to recover damages for personal injuries sustained during a horseback ride in Glacier National Park, Montana. Extreme trauma to Hargrave's back was alleged to have resulted in a compression fracture of the tenth thoracic vertebra. Damages in the sum of $206,000 were sought against the defendant, E. G. Wellman, doing business as Wellman Enterprises.

Judgment was entered for defendant on a jury verdict. Appealing to this court, plaintiff argues that the trial court erred in instructing the jury on assumption of risk, in failing to give a requested instruction on hiring of animals as a bailment, and in denying plaintiff's motion to amend the complaint.

Hargrave and his daughter Ann rented horses from appellee at Many Glacier Hotel in the park for a ride to Lake Josephine to take pictures. The two were led by a guide, Virgil T. Dillon, on another horse. Dillon was employed by appellee. The mile-and-a-quarter ride along a trail to Lake Josephine was made without incident. The three stayed at the lake about fifteen minutes, during which Hargrave dismounted and took several pictures.

The party then started the return trip with Dillon in front, Ann next, and Hargrave in the rear, as on the ride to the lake. The distance between the riders varied from time to time. Hargrave took some more pictures from his saddle on the ride back to the hotel. He did not remember whether he stopped his horse when taking these pictures. The last one taken by him shows his daughter riding about twenty feet ahead.

Shortly afterwards the forward riders were obscured by brush about seventy-five feet ahead. When Hargrave and his horse next came in sight of them, Dillon and Ann were running their horses about seventy-five to a hundred yards in front. Hargrave's horse immediately broke into a fast run. Hargrave tried to stop the horse, but being thrown off balance in the saddle was unable to do so.

The trail was clear of brush where the three horses were running. Hargrave

shouted and Dillon and Ann brought their horses to a stop. After a run of about seventy-five yards, Hargrave reached the other two and his horse also stopped. During this incident Hargrave's horse did not rear or shy away, and did not throw Hargrave from the saddle. His back injuries were sustained while being thrown around in the saddle during the run.

The foregoing account is based upon Hargrave's testimony. Ann testified that just before the running incident she asked Dillon if they could go just a little faster. After a little pause and without saying anything, Dillon "charged off" in a full gallop, and Ann's horse followed suit.

■ Appellant argues that the trial court erred in instructing the jury on assumption of risk. He does not here contend that the form of the instruction is improper. He asserts, however, that there is in this record no evidence that he had knowledge or appreciation of the danger that his horse might suddenly break into a run. Therefore, argues appellant, there is no factual warrant for such an instruction, and it was prejudicial error to give it.[1]

No such objection to the giving of this instruction was made at the trial. The objection there voiced was that the instruction does not correctly state the law in that it fails to reveal that the law of assumed risk cannot be applicable if the

plaintiff was not in any way at fault. The latter objection has not been renewed in this court.

■ It is provided in Rule 51, Federal Rules of Civil Procedure, 28 U.S. C.A., that no party may assign as error the giving of, or the failure to give, an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds for his objection. Having failed to state in the trial court the grounds which he now urges, appellant is precluded from obtaining a review thereof as a matter of right. Christensen v. Trotter, 9 Cir., 171 F.2d 66.

■ Appellant has not asked us to invoke the "plain error" rule and on our own motion review the giving of this instruction. In any event this court has on a number of occasions held that the "plain error" rule may not be utilized in civil appeals to obtain a review of instructions given or refused, where the ground asserted was not voiced in the trial court.[2] In this regard a distinction has been drawn between civil and criminal appeals, such a review being permissible in criminal appeals under the "plain error" rule in the discretion of this court.[3]

■ But even if we should assume that despite the failure to make the objection in the trial court the giving of this instruction on assumption of risk is

1. In view of the fact that appellant does not attack the form of the instruction, we disregard the fact that the instruction on assumption of risk is not set out *totidem verbis* in the brief, as required by Rule 18(2) (d) of the rules of this court, 28 U.S.C.A.

2. Siebrand v. Gossnell, 9 Cir., 234 F.2d 81, 96; Persons v. Gerlinger Carrier Co., 9 Cir., 227 F.2d 337; Woodworkers Tool Works v. Byrne, 9 Cir., 191 F.2d 667, 676; Lynch v. Oregon Lumber Co., 9 Cir., 108 F.2d 283, 286. In Flintkote v. Lysfjord, 9 Cir., 246 F.2d 368, this court declined to re-examine this rule of the Ninth Circuit because other prejudicial errors were found which in any event required a reversal.

3. Audett v. United States, 9 Cir., 265 F. 2d 837, 846; Herzog v. United States, 9 Cir., 235 F.2d 664, 666–668. The "plain error" rule is expressly made a part of the Federal Rules of Criminal Procedure (Rule 52(b), 18 U.S.C.A.), and is therefore held to complement Rule 30, Federal Rules of Criminal Procedure, 18 U.S.C.A., requiring that the grounds of objection to an instruction be stated in the trial court. Herzog v. United States, supra 235 F.2d at page 666. With regard to civil appeals, however, there is no "plain error" rule set forth expressly in the statute to complement Rule 51, Federal Rules of Civil Procedure, requiring that objections to instructions be made in the trial court.

reviewable here,[4] we would hold that there was no error. Appellant himself requested an instruction on assumption of risk. Having made such a request, he can hardly complain because one was given.

■ Moreover, there is evidence in the record from which the jury could have found that Hargrave knew, or should have known, that his horse might break into a full run. Hargrave was not entirely inexperienced with saddle horses.[5] In addition, on the ride out to Lake Josephine his horse several times got behind and then would catch up by taking a slow trot. This provided some notice that his particular mount had the usual propensity of horses to catch up with the horse ahead.

We hold that the trial court did not err in giving the instruction on assumption of risk.

Appellant's second point on this appeal is that the trial court erred in declining to give appellant's requested instruction on hiring of animals as a bailment and that a bailor of animals has a duty to inform a bailee respecting habits, traits, or propensities of such animals.[6]

■ Appellant informs us in an introductory section of his brief that by agreement of counsel "it was stipulated that Plaintiff's case should proceed on the sole theory of negligence of the Defendant's guide Dillon, who Plaintiff alleged suddenly galloped his mount without warning, thus causing Plaintiff's mount to bolt, gallop and run suddenly * * *." In their closing arguments counsel for both parties advised the jury

that the alleged negligence of the defendant in furnishing an unsuitable horse had been withdrawn from the jury's consideration. In his instructions the trial judge called the jury's attention to this withdrawal of issues. No objection was made to this instruction.

Under the indicated circumstances there was no issue before the jury concerning which an instruction on the law of bailment would have been appropriate.

Moreover, the instruction requested was not warranted by the evidence. The jury would have been advised by the proffered instruction that a bailor has a duty to warn the bailee or rider of the habits, traits, or propensities of the animal where there is good reason to believe that the rider or bailee will be injured unless such warning is given.

■ Livery-stable keepers who let animals for hire are bound only to exercise ordinary care and diligence in providing an animal suitable for the purpose for which it is hired. Mateas v. Fred Harvey, 9 Cir., 146 F.2d 989. There is no evidence in this record indicating that Hargrave's mount had dangerous or vicious habits or traits.

■ Appellant asserts that it was made clear to the guide that Hargrave was not an experienced horseman and had not ridden horses for many years. It is argued from this that appellee had a duty to warrant that the horse was of a type that would be suitable to carry an inexperienced rider, and that the horse would under no conditions enter into an unusual gait which would result in loss of balance, position, or control of the

4. Such an assumption for the purpose of considering the merits of the argument was made in Walker v. West Coast Fast Freight, Inc., 9 Cir., 233 F.2d 939.

5. Hargrave gave this testimony as to his experience:
   "Q. Did you have any experience there [Wichita Falls] as a young man riding horses, to any extent? A. After I got a little older I have ridden horses a few times.
   "Q. I see. When you were in medical school or prior to that did you have any occasion to ride? A. I think I rode before I went to the University. I don't

believe I was on a horse—I mean I might have been once or twice after I started medical school, except one time I did ride out in Washington State.
   "Q. What year was that? A. I rode then for a little while in I think it was 1948 or '49."

6. Appellant has not set out in his brief the requested instruction, as required by Rule 18(2) (d) of the rules of this court. Nor has he referred in his brief to the number of the requested instruction or where it may be found in the record. Appellee's brief, however, provides the latter information.

mount. Aside from the fact that a livery stable has no such obligation, the record would support a jury finding that Hargrave was not inexperienced.[7]

The trial court did not err in declining to give the requested instruction on bailment.

■ Appellant's final point is that the trial court erred in failing to allow appellant to amend his complaint. The purpose of the amendment, appellant asserts, was to urge as an additional count of negligence that appellee's guide had failed to instruct appellant that his mount had the trait of following and performing in the same gait as the leading mount.

At an early point in his brief appellant states that this request to amend was made before trial. At a later point he asserts that it was made at the conclusion of appellee's case. His record reference, however, is not to any motion to amend, whenever made, but to requested instructions. Moreover, the proposed amendment is nowhere to be found in the record.

In view of these circumstances it is difficult, if not impossible, to deal with this point on the merits. See T. V. T. Corporation v. Basiliko, 103 U.S.App.D.C. 181, 257 F.2d 185, 187. Moreover, the parties stipulated prior to trial that the appellant's case should proceed on the sole theory of negligence of the guide in putting his own mount into a sudden gallop without warning to Hargrave. In view of that stipulation appellant was not entitled to inject into the case a new theory of negligence unless, despite such stipulation, evidence tending to support such theory was received without objection. Rule 15(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

Whether or not this condition was met was for the determination of the trial court in the exercise of a sound discretion. Chesapeake & Ohio Ry. Co. v. Newman, 6 Cir., 243 F.2d 804, 812–813. We find no abuse of discretion here.

Affirmed.

---

7. In addition, while there is evidence to indicate that appellee presumed that most of his riders were inexperienced, the record does not bear out the asertion that the guide was specifically warned of Hargrave's inexperience. Hargrave's testimony as to this was as follows:

"Q. Did you have a conversation with Mr. Dillon prior to your mounting your horse with reference to your riding experience? A. Not that I remember, no sir.

"Q. Nothing was said? A. Not that I remember, no, sir.

"Q. Did he ask you if you had riding experience? A. Not that I remember, no, sir."