Walter A. BERTRAND, Appellant,

v.

SOUTHERN PACIFIC COMPANY,
a corporation, Appellee.

No. 16576.

United States Court of Appeals
Ninth Circuit.

Sept. 13, 1960.

Rehearing Denied Oct. 13, 1960.

**570**

Hepperle & Hepperle, George Olshausen, San Francisco, Cal., for appellant.

Bledsoe, Smith, Cathcart, Johnson & Phelps, Robert A. Seligson, San Francisco, Cal., for appellee.

Before ORR, HAMLEY and KOELSCH, Circuit Judges.

HAMLEY, Circuit Judge.

Walter A. Bertrand, plaintiff in this action for damages brought under the Federal Safety Appliance Acts and the Federal Employers' Liability Act, 45 U. S.C.A. §§ 1 et seq., 51 et seq., appeals from a judgment for defendant, Southern Pacific Company. The judgment rendered after a jury trial conforms to the verdict. The specifications of error question the giving of two instructions and the refusal to give several instructions proposed by appellant.

Evidence favorable to appellant on the question of liability tended to establish the facts set out below. On July 3, 1957, while engaged in his duties as an employee of Southern Pacific, Bertrand attempted to release a brake on a freight car. The brake stuck and could not be released. Bertrand made a great exertion to turn the brake wheel, and then felt a sharp pain going down his back and left leg. He reported the nonfunctioning brake to the car inspectors. As a result of this report and without testing the brake to see if it worked, a car inspector took the brake apart thereby releasing it.

Appellant's principal specification of error challenges the giving of an instruction relating to the effect which the jury should give to evidence that the brake did not work when applied in the usual and normal manner. The jury was told that such evidence is sufficient to prove inefficiency of the brake. The jury was further instructed, however, that this does not mean that it is "compelling" evidence. The jury was advised that it could consider all of the evidence in the case and would be free to conclude "one way or another from all the evidence, whether there was an efficient hand brake or not." Appellant contends that the jury should have been told that the failure of the brake to work "compels" a finding of violation of the act.

Appellee argues that we cannot consider this specification of error because appellant failed to comply with Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A. This rule provides in part:

"* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

After all of the instructions were given, appellant was afforded an opportunity to object, out of the hearing of the jury, to the instructions given and refused. No objection was made at that time to the instruction referred to above. Appellant, however, refers to certain events which occurred prior to the giving of the instructions and urges that an objection within the meaning of Rule 51 may be derived therefrom. In this connection chief reliance is placed upon a remark made by counsel for appellant during a colloquy in chambers between the court and opposing counsel while the

matter of instructions was under consideration but before they had been formulated by the trial judge.[1]

During this discussion the judge stated that he would instruct "somewhat along this line," then describing the substance of the instruction later given which appellant now challenges. The judge added, however, that he would give the instruction in a little more detail that he had then stated "so that the various steps are clear." After some further discussion counsel made the following remark, which is relied upon as raising the objection now being urged:

"There's simply the additional item, your Honor, that proof of specific defect is not required. That ties in with your Honor's statement about the failure of the brakes to function."

Considered separately or in context with all the discussion which preceded it, this remark did not in our view "distinctly" state the matter to which appellant here objects, as required by Rule 51. Only by broadest inference does the remark even relate to the objection to the instruction now being urged. To say that a plaintiff need not provide proof of a specific defect is hardly a forthright way of saying that proof of failure of the brake to work compels a finding of violation of the act. Objections to a charge "must be sufficiently specific to bring into focus the precise nature of the alleged error." Palmer v. Hoffman, 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645.

Nor was the quoted remark referenced to any final form of instruction given or proposed to be given as contemplated by Rule 51. The court had merely outlined in general terms the scope of the proposed instruction, and counsel had notice that the instruction had not yet taken final form.

Appellant also draws attention to a trial memorandum which he had sub-

[1]. While a court reporter was present and recorded most of this conversation in chambers, the court directed that part of the conversation be off the record, and this was done.

mitted to the court at the outset of the trial. In this memorandum certain cases are cited which, appellant argues, establish the incorrectness of the instruction now under attack. Reference is also made to two of his proposed instructions not given by the court in which, it is argued, the correct rule is stated. No objection was taken to the failure to give these proposed instructions, nor is it here argued that failure to give those specific instructions was error.

■■ The trial court is not required to rummage through trial briefs and proposed instructions in an effort to discover potential objections to instructions not yet given or formulated. Rule 51 provides the procedures to be followed. These procedures are not mere technicalities. Rule 51 is designed to bring possible errors to light while there is still time to correct them without entailing the cost, delay and expenditure of judicial resources occasioned by retrials.

Reading together Rules 46 [2] and 51 as appellant asks us to do, it may be concluded that objections to the giving or the failure to give instructions need not follow any particular form. Rule 46, however, does not undermine the provision of Rule 51 that whatever the form of the objection it must at least state distinctly the matter to which objection is taken and the grounds for the objection. As indicated above the remarks in chambers, notations in the trial memorandum, and proposed instructions failed in both of these particulars.

Appellant has called our attention to Louisiana & Arkansas Railway Company v. Moore, 5 Cir., 229 F.2d 1, 3, 59 A.L.R.2d 574, in which the refusal of the court to give a requested instruction was considered on the merits, despite the fact that no objection was made in the trial court. The court held that "since it [the question] goes to the central issue in the case * * * we may consider it under the general rule which allows an appellate court to notice plain errors, although they were not properly excepted to below."

■ Whatever the rule may be elsewhere, in this circuit the "plain error" rule may not be utilized in civil appeals to obtain a review of instructions given or refused, where the ground asserted was not raised in the trial court. Hargrave v. Wellman, 9 Cir., 276 F.2d 948, 950.

We hold that having failed in the trial court to object to the giving of the questioned instruction by stating distinctly the matter to which he objects and the grounds of his objection, appellant is precluded from obtaining a review thereof in this court, Hargrave v. Wellman, supra.

Appellant's second specification of error pertains to the refusal of the court to give the proposed instruction No. 8, quoted in the margin.[3]

The proposed instruction paraphrases in part language to be found in Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448, 1 L.Ed.2d 493.

2. Rule 46, Federal Rules of Civil Procedure, 28 U.S.C.A., reads as follows:
"Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him."

3. "Under this act of Congress, the test of liability of the railroad carrier [that is, the defendant, Southern Pacific] is simply whether the proofs justify with reason the conclusion that the employer's negligence [in this case the failure to furnish an efficient hand brake] played any part, even in the slightest, in producing the injury for which damages are sought. It does not matter that from the evidence the jury may also with reason attribute the result to other causes including the employee's contributory negligence."

The court in that case, however, was not speaking of "the test of liability of the railroad carrier" (the language used in the proposed instruction) but "the test of a jury case." If the proofs justify with reason the conclusion that employer negligence played any part, "even the slightest," in producing the injury or death, then the issue of causal relation must go to the jury. The Supreme Court was here using the word "proofs" to mean "evidence." But the fact that the proofs or evidence justify with reason a finding of causal relation does not mean that the jury is required to make such a finding.

■ The proposed instruction is faulty because it bound the jury to find what it was entitled to find but was not required to find. It is also faulty in that it injected the issues of negligence and contributory negligence which are no part of a Safety Appliance Act case. Rogers v. Elgin, Joliet & Eastern Ry. Co., 7 Cir., 248 F.2d 710. The court gave an instruction on causal relation. If it was inadequate or erroneous in any respect appellant should have objected thereto. No such objection was taken. The court did not err in failing to give proposed instruction No. 8.

■ Under appellant's third specification of error the failure of the court to give appellant's proposed instruction No. 9 is brought into issue. Under this proposed instruction the jury would have been told that it should "disregard assumption of risk and contributory negligence."

Appellee's answer to the complaint pleaded the defense of contributory negligence. Since, however, the action was brought only under the Federal Employers' Liability Act and the Safety Appliance Act, and was predicated upon an asserted violation of statute, neither contributory negligence nor assumption of risk (not pleaded) were defenses. 45 U.S.C.A. §§ 53, proviso clause, 54. The trial judge in his instruction to the jury made no mention of negligence, contributory negligence or assumption of risk. There is nothing to indicate that appellee's answer pleading contributory negligence went to the jury room. In the absence of the jury counsel for appellant advised the court that "there is no point in having any issue of negligence in the submission to the jury at all."

In view of the circumstances to which reference has been made, the failure of the court to give appellant's proposed instruction No. 9 was not prejudicial error.

The next specification of error relates to the question of damages. It is argued that the court erred in failing to give appellant's proposed instruction No. 19 on aggravation and in giving an instruction on this subject which appellant regards as inadequate.

■ No objection was taken to the failure to give No. 19. Appellant's only criticism of the instruction given on the subject is that it "was a very pale and watered down statement of the principle." This is not an adequate argument to warrant us in examining the matter. In any event no objection was taken to the court's instruction. For the reasons indicated this specification presents nothing for review here.

The last specification of error relates to the failure to give appellant's proposed instruction No. 20 on life expectancy.

■ Since the jury found against appellant either on the ground that there was no liability or no damage, any error in giving or failing to give an instruction on life expectancy could not be prejudicial.

Affirmed.