SOUTHERN PACIFIC COMPANY, a Corporation, Appellant,

v.

Sixto B. VILLARRUEL, Appellee.

No. 17466.

United States Court of Appeals
Ninth Circuit.

Aug. 20, 1962.

Robert A. Seligson, San Francisco, Cal., of counsel, Bledsoe, Smith, Cathcart, Johnson & Phelps, San Francisco, Cal., for appellant.

Hepperle & Hepperle, and Robert R. Hepperle, San Francisco, Cal., for appellee.

Before ORR, HAMLEY and MERRILL, Circuit Judges.

PER CURIAM.

In this Federal Employers' Liability Act case, a $30,000 judgment for plaintiff was entered on a jury verdict. Defendant Southern Pacific Company appeals, arguing that the district court erred in its instructions to the jury on the doctrine of *res ipsa loquitur.*

 Appellant contends that this instruction did not make it clear to the jury that *res ipsa loquitur* would not apply if carbon monoxide in any way contributed to the happening of the accident or the appellee's injuries.

In our opinion the instruction initially given, as thereafter supplemented, did make this clear to the jury.

Appellant further contends that the instructions did not inform the jury that *res ipsa loquitur* could not be applied if the appellee's conduct in any way contributed to the accident.

Counsel for appellant did not give this as a ground for objecting to the instruction on *res ipsa loquitur.* Appellant is therefore precluded from obtaining a review of the instruction on that ground. Rule 51, Federal Rules of Civil Procedure, 28 U.S.C.A., Hargrave v. Wellman, 9 Cir., 276 F.2d 948, 950.

If the point were now reviewable and if the instruction was inadequate in this regard, appellant was, in any event, not prejudiced. There was no evidence that Villarruel was negligent in the manner in which he dealt with the electrical equipment, thereby contributing to reception of the electrical shock. No error is committed by failure to give an instruction which finds no support in the evidence.

The only evidence as to contributory negligence was with regard to Villarruel's possible carelessness in keeping the windows and doors of the generator room closed, thereby adding to the danger of inhaling carbon monoxide fumes. The jury having been correctly instructed not to consider the carbon monoxide aspect of the case in applying *res ipsa loquitur*, appellee's possible contributory negligence with regard to that aspect was likewise not to be considered.

The judgment is affirmed.