[Civ. No. 30365.    Second Dist., Div. Five.    July 5, 1968.]

GAROLD D. PARKER, Plaintiff and Appellant, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Defendant and Respondent.

Hildebrand, McLeod & Nelson and Frederick L. Nelson for Plaintiff and Appellant.

John J. Balluff, Matthew H. Witteman, Henry M. Moffat and Neal W. McCrory for Defendant and Respondent.

HUFSTEDLER, J.—Plaintiff appeals from a judgment for the defendant in an action for personal injuries, brought under the provisions of the Federal Employers' Liability Act (45 U.S.C.A., § 51 et seq.). Plaintiff sustained injury to his knee on two different occasions: December 13, 1962, and October 3, 1963, during his employment by defendant as a railroad yardman.

On appeal plaintiff contends that the trial court prejudicially erred in instructing the jury on proximate cause in accordance with BAJI No. 104 and in refusing his proposed instruction on the same issue specifically tailored for a Federal Employers' Liability Act case. We agree with him.

*Factual Summary*

On the night of December 13, 1963, plaintiff was working in the defendant's railroad yard near the depot in Bakersfield. He had been ordered to tie down a handbrake on a flatcar. He performed that duty and descended backwards from the flatcar, as was customary. When he stepped to the toe path, he fell and injured his right knee. The flatcar was not in motion.

He claimed that the terrain was rutted and rough. The area of the accident was lighted by a cluster of floodlights, and the visibility was fair. The second injury occurred on the afternoon of October 3, 1963, when plaintiff slipped and fell as he was traversing the defendant's railroad yard. He attributed his fall to oil and grease on his shoe. Oil and grease had accumulated in various locations in the yard.

## *Error in Instructions*

The plaintiff requested the court to give the following instruction to the jury on the causation issue: "An injury is proximately caused by an act or omission whenever it appears that the act or omission played any part, no matter how small, in actually bringing about or causing the injury. So if you find from the evidence that any negligence on the part of the defendant contributed in any way or manner, even in the slightest degree, toward any injury suffered by plaintiff, you may find that injury was proximately caused by defendant's act or omission." The instruction was drawn from Instruction Civil No. 13.12, Mathes, Jury Instructions and Forms for Federal Civil Cases, 28 F.R.D. 401, 497, and it is substantially the same as BAJI No. 301.10.[1] Both instructions are, in turn, based on the Supreme Court's statement in *Rogers* v. *Missouri Pac. R.R. Co.* (1957) 352 U.S. 500, 506 [1 L.Ed.2d 493, 499, 77 S.Ct. 443] : "Under this statute [Federal Employers' Liability Act, 45 U.S.C.A., § 51] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought."

The court refused the plaintiff's requested instruction, and, at the defendant's request gave BAJI No. 104: "The proximate cause of an injury is that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred. It is the efficient cause—the one that necessarily sets in operation the factors that accomplish the injury. It may operate directly or through intermediate agencies or through conditions created by such agencies."

[1]BAJI No. 301.10, reads: "An injury is proximately caused by an act or omission whenever it appears that the act or omission played any part, no matter how small, in actually bringing about or causing the injury. So if you find from the evidence that any negligence on the part of defendant or plaintiff contributed in any way or manner toward any injury suffered by plaintiff, you [may] [shall] find that injury was proximately caused by such act or omission."

■ The court erred in giving the standard proximate cause instruction applicable to common law negligence actions. ■ The common law concept of proximate cause as expressed in BAJI No. 104 has not been adopted as the causation test in F.E.L.A. cases. Causation in an F.E.L.A. case exists even if there is a plurality of causes, including the negligence of the defendant or of a third person. The negligence of the employer need not be the sole cause or even a substantial cause of the ensuing injury. (*Rogers* v. *Missouri Pac. R.R. Co.*, *supra*, 352 U.S. 500, 506 [1 L.Ed.2d 493, 499]; *Carter* v. *Atlanta & St. Andrews Bay Ry. Co.* (1949) 338 U.S. 430, 434-435 [94 L.Ed. 236, 241-242, 70 S.Ct. 226]; *Hoyt* v. *Central R.R.* (3d Cir. 1957) 243 F.2d 840, 842-843; *DeLima* v. *Trinidad Corp.* (2d Cir. 1962) 302 F.2d 585, 587-588 (Jones Act case); cf. *Byler* v. *Wabash Ry. Co.* (8th Cir. 1952) 196 F.2d 9, cert. den. (1952) 344 U.S. 826 [97 L.Ed. 643, 73 S.Ct. 27].) It is almost impossible to frame a definition of causation for F.E.L.A. cases encompassing all of the federal explanations of the term because the federal decisions cannot themselves be fully harmonized on the subject. (*Waller* v. *Southern Pac. Co.* (1967) 66 Cal.2d 201, 212 [57 Cal.Rptr. 353, 424 P.2d 937]; compare *Bertrand* v. *Southern Pac. Co.* (9th Cir. 1960) 282 F.2d 569, 573, cert. den. (1961) 365 U.S. 816 [5 L.Ed.2d 694, 81 S.Ct. 697], with *Hoyt* v. *Central R.R.*, *supra*, 243 F.2d at pp. 842-843, and *Iannacito* v. *Denver & Rio Grande Western R.R.* (10th Cir. 1967) 380 F.2d 1019, 1020-1021.) ■ However, the plaintiff in an F.E.L.A. case is entitled to an instruction on causation which best connotes the controlling spirit of *Rogers*, and BAJI No. 104 falls substantially short of conveying the *Rogers* message. Although the burden upon the plaintiff in proving causation in an F.E.L.A. case can be weighed neither in pounds nor ounces, it is a substantially lighter burden than that imposed upon him by BAJI No. 104.

The defendant argues that *Rogers* did not state a rule of causation in F.E.L.A. cases different from the common law rule. Defendant asks us to read the *Rogers* case solely for the proposition that the question whether the railroad was liable was a question for the jury rather than for the court. To support its reading of *Rogers*, defendant relies on *Bertrand* v. *Southern Pac. Co.*, *supra*, 282 F.2d 569. *Bertrand* did not purport to define causation in an F.E.L.A. case. It did not state what instruction was actually given to the jury in that case. The court held that the trial court did not err in rejecting an instruction requested by the plaintiff, which read in

pertinent part: "[T]he test of liability of the railroad carrier is simply whether the proofs justify with reason the conclusion that the employer's negligence [in this case the failure to furnish an efficient handbrake] played any part, even in the slightest, in producing the injury for which damages are sought. It does not matter that from the evidence the jury may also with reason on grounds of probability attribute the result to other causes including the employee's contributory negligence." (282 F.2d at p. 572, fn. 3.) The court, after citing *Rogers*, said that the Supreme Court "was not speaking of 'the test of liability of the railroad carrier' (the language used in the proposed instruction) but 'the test of a jury case.' If the proofs justify with reason the conclusion that employer negligence played any part, 'even the slightest,' in producing the injury or death, then the issue of causal relation must go to the jury. The Supreme Court was here using the word 'proofs' to mean 'evidence.' But the fact that the proofs or evidence justify with reason a finding of causal relation does not mean that the jury is required to make such a finding." (282 F.2d at p. 573.) The court also said the rejected instruction was faulty "because it bound the jury to find what it was entitled to find but was not required to find," and "it injected the issues of negligence and contributory negligence which are no part of a Safety Appliance Act case." (*Ibid.*)

The *Bertrand* opinion leaned heavily on the plaintiff's unhappy choice of words, "the test of liability." The court's emphasis upon that phrase is puzzling. Did the court mean that the phrase somehow compelled the jury to make a factual finding in plaintiff's favor on the causation issue? If that is not what the court meant, what is wrong with an instruction telling the jury that liability follows if the jury finds that the defendant was negligent and that defendant's negligence played a part, even the slightest, in producing the employee's injury? The *Bertrand* rationale eluded the fifth circuit in *Page* v. *St. Louis Southwestern Ry. Co.* (1963) 312 F.2d 84 [98 A.L.R.2d 639]. In attempting to harmonize *Bertrand* with *DeLima* the court discovered an unexplained noxious essence in the words "justify with reason" in the *Bertrand* instruction. Having thus mystically disposed of *Bertrand,* the fifth circuit in *Page* held, in conformity with the second circuit (*DeLima* v. *Trinidad Corp., supra,* 302 F.2d 585, 587, 588), that the giving of a common law proximate cause instruction was reversible error.

*Rogers* means more than an exposition of the components

which compel submission of the causation issue to a jury. If *Bertrand* is authority to the contrary, it is out of line with decisions squarely on the point in the second, third and fifth circuits, and it is also out of harmony with the precise mandate of Congress in using the language that the employer is liable for injuries sustained by his employee, "for such injury or death resulting in whole or in part from the negligence" of the employer. (F.E.L.A., 45 U.S.C.A., § 51.) The terminology "in whole or in part" is not the language of common law proximate cause, as the Supreme Court in *Rogers* emphasized.

The final question is whether the refusal of plaintiff's instruction in this case was prejudicial. The defendant urges that it was not prejudicial because (1) there was no real issue about causation in this case; (2) plaintiff's counsel in argument before the jury said that plaintiff could recover if plaintiff's injuries were caused even in the slightest degree by the defendant's negligence; (3) defense counsel did not argue the question; (4) plaintiff testified without contradiction what caused the accident; and (5) the jury was given an instruction quoting the act, using the words, "in whole or in part."

■ We dismiss at once the defendant's contention that counsel's arguments to the jury can cure an error in the court's instructions. The arguments of counsel are not a substitute for instructions by the court. Equally untenable is the contention that there was no issue concerning causation. The issue was raised by the pleadings and preserved by the pretrial order. Defendant itself submitted the proximate cause instruction, which the court gave, and the court also instructed the jury that causation was in issue in instructing the jury about each party's burden of proof. Defendant does not explain how prejudice could not result from the erroneous causation instruction from the fact that the plaintiff's testimony about how the first accident happened was uncontradicted. We cannot do so either. ■ The final contention is that the error was cured because the trial court instructed the jury that the plaintiff was entitled to recover if his injury "results in whole or in part from the negligence" of the defendant.[2] We do not think that the quotation from the

[2] "The federal law which concerns us in this trial provides that a common carrier by railroad, such as the defendant here, shall be liable in damages to any employee who suffers injury when he is engaged in the duties of his employment, which injury results in whole or in part from the negligence of any of the officers or agents or of any employee

Federal Employers' Liability Act adequately conveys the meaning of causation articulated by *Rogers*. The words "or in part" are submerged in a barrage of detailed prose, and to assume that the jury would have grasped the significance of those three words and should further have recognized that the words were an explanation of proximate cause as expressed in BAJI No. 104 attributes unreasonable powers of perception to the jury.

To defeat plaintiff's argument that the error in instructions was prejudicial, defendant relies upon *Tyree* v. *New York Central R.R. Co.* (6th Cir. 1967) 382 F.2d 524, cert. denied, 389 U.S. 1014 [19 L.Ed.2d 659, 88 S.Ct. 589]. *Tyree* is readily distinguished from our case. There, the trial court instructed the jury at least five times that the defendant was liable to the plaintiff if the plaintiff's injuries were caused in whole or in part by the negligence, if any, of the defendant. The court gave one instruction defining proximate cause in common law terms. Under these circumstances the court held that although the proximate cause instruction was erroneous, the error was harmless by reason of the court's repetition of the correct standard.

We do not say that in all F.E.L.A. cases a common law causation instruction is necessarily reversible error. Repeated instructions correctly stating the rule of the *Rogers* case may render harmless the error in giving a common law proximate cause instruction. The state of the evidence in a particular case may be such that a jury could not have been misled. However, in this case the evidence of defendant's negligence was not overpowering. A little mistake in weighing the evidence relating to the defendant's and the plaintiff's negligence made it probable that the jury cast its doubts in defendant's favor.

The judgment is reversed.

Kaus, P. J., and Aiso, J. pro tem.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 28, 1968.

of such carrier, except solely from the negligence of the one so injured, or which results by reason of any defect or insufficiency, due to the carrier's negligence, in its machinery or other equipment. If all the factors mentioned as creating such liability existed, the fact, if it is a fact, that the employee, himself, was guilty of contributory negligence shall not be a total bar to recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee. The application of this rule shortly will be explained."

*Assigned by the Chairman of the Judicial Council.