Wesley T. DUTTON, Petitioner,

v.

SOUTHERN PACIFIC
TRANSPORTATION,
Respondent.

No. B–7463.

Supreme Court of Texas.

Dec. 6, 1978.

Boccardo, Lull, Niland & Bell, Edward J. Niland and Stanley A. Ibler, Jr., San Jose, Cal., Heber N. Teerlink, San Jose, Cal., R. Edward Pfiester, Jr., Fort Stockton, for petitioner.

Kemp, Smith, White, Duncan & Hammond, Jack C. Duncan and Wyndham K. White, El Paso, for respondent.

DANIEL, Justice.

The principal question on this appeal is whether the trial court erred in giving the common law definition of "proximate cause" in a personal injury suit filed pursuant to the Federal Employers' Liability Act and the Safety Appliance Act.[1] In affirming the trial court, the Court of Civil Appeals held that inclusion of the common law definition of proximate cause along with an

---

1. The Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq., hereinafter referred to as the F.E.L.A., and the Safety Appliance Act, 45 U.S. C.A. § 1 et seq. We will refer principally to the F.E.L.A., since it is the statute under which suits are brought when based upon alleged violations of the Safety Appliance Act.

F.E.L.A. definition was not erroneous. 561 S.W.2d 892. We disagree and reverse and remand the case to the trial court.

The plaintiff, Wesley T. Dutton, a brakeman for the defendant railroad company, sustained injuries to his right knee while alighting from a boxcar which he was disconnecting from the train because the car had a defective or broken air brake line. The plaintiff was told by the conductor to disconnect and set out the car. In the process, plaintiff boarded the boxcar which had the defective brake system in order to guide its backing movement onto the siding. It was then the rear car, and there were more than a hundred cars between it and the engine. Before the engineer brought the backward movement to a complete stop, plaintiff stepped off the metal stirrup attached to the bottom of the car about 18 inches from the top of the rail. This was to avoid the shock and force of the slack action, and there was evidence that this was a good railroad practice. Plaintiff testified that in alighting from the car he stepped into some slag in a hole or depression on the toepath beside the track, which resulted in a fall and injury to his right knee. It was dark, except for the light from plaintiff's lantern, and he testified that he did not see the hole or depression. There were no witnesses to plaintiff's alleged fall, but it is undisputed that the car on which he was riding, and from which he alighted, was being set out on the siding because of its defective air line. Plaintiff subsequently had two knee operations and was wearing a leg brace at the time of trial. His doctor testified that plaintiff would always have pain and never be able to return to work as a brakeman.

The plaintiff brought this suit against the defendant railroad company in the District Court of El Paso County, under the F.E.L.A. and Safety Appliance Act, seeking damages for personal injuries sustained in the course and scope of his employment. The case was tried to a jury which (a) failed to find that the railroad had not provided plaintiff with a reasonably safe place in which to work; (b) found that there was a failure of the train brake system to func-tion efficiently; (c) failed to find that the failure of the brake system was a proximate cause of the injury sustained by plaintiff; (d) failed to find that plaintiff did not use care for his own safety; and (f) found that the sums of $83,174.00 and $16,826.00, respectively, would fairly and reasonably compensate plaintiff for past loss of earnings and physical pain and mental anguish. The trial court rendered judgment for the defendant railroad company. As stated, the Court of Civil Appeals affirmed.

We granted this writ on plaintiff-petitioner Dutton's contention that the trial court erred in giving the common law definition of "proximate cause" to the jury. The instruction was as follows:

"'PROXIMATE CAUSE', as that term is used in this charge, means that cause which, in its natural and continuous sequence, unbroken by any new independent cause, produces an injury, and without which cause, the injury would not have occurred, and which injury, or some similar injury, would have been reasonably foreseen by a person of ordinary care in the light of the attending circumstances. There may be more than one proximate cause of an injury.

"In this connection, you are further instructed that by 'PROXIMATE CAUSE' means a cause which plays any part in actually bringing about or causing the injury."

Plaintiff objected to this instruction because of the common law definition quoted in the first paragraph above and because of the court's annexation of a modification of plaintiff's own requested definition in the second paragraph of the instruction. Plaintiff had requested only the following causation instruction:

"'PROXIMATE CAUSE' means a cause which played any part, no matter how small, in actually bringing about or causing the injury."

■ Although federal law governs substantive rights of the parties in F.E.L.A. cases, when such cases are filed in our state courts they are tried in accordance with our

own applicable Rules of Civil Procedure. *Scott v. Atchison, Topeka and Santa Fe Railway Company*, 572 S.W.2d 273 (Tex. 1978); *Missouri Pacific Railroad Company v. Cross*, 501 S.W.2d 868 (Tex.1973). In *Scott, supra,* we recognized that rules relating to the form, necessity, and effect of jury issues are procedural rather than substantive if they do not interfere with a right or defense provided by the F.E.L.A. The latter conditional phrase is important, because, as stated in *Scott,* we agreed with the basic premise that substantive rights governed by the F.E.L.A. cannot be interfered with, lessened or destroyed by a state rule of practice or procedure. See *Arnold v. Panhandle & Santa Fe Ry. Co.*, 353 U.S. 360, 77 S.Ct. 840, 1 L.Ed.2d 889 (1957); *Rogers v. Missouri Pacific R. R. Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957); *Brown v. Western Railway of Alabama*, 338 U.S. 294, 70 S.Ct. 105, 94 L.Ed. 100 (1949); *Texas & Pac. Ry. Co. v. Younger*, 262 S.W.2d 557 (Tex.Civ.App.1953, writ ref'd n. r. e.); 79 A.L.R.2d 553, 559.

In cases of this nature the federal law gives the plaintiff and other railroad workers the right to have causation of their injuries determined by the simple test of whether they resulted "in whole or in part" from the railroad's negligence or violation of a safety statute. This is entirely different and much less burdensome than the usual proximate cause test which is applied in common law negligence cases. In *Rogers v. Missouri Pacific Railroad Co., supra,* the Supreme Court of the United States traced the history and purpose of the F.E.L.A. and concluded:

"The law was enacted because the Congress was dissatisfied with the common-law duty of the master to his servant. The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer's negligence. The employer is stripped of his common-law defenses and for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. . . ."

The F.E.L.A., 45 U.S.C.A. § 51, provides:

"Every common carrier by railroad while engaging in [interstate] commerce . . . shall be liable in damages to any person suffering injury while employed by such carrier in such commerce . . . for such injury . . . *resulting in whole or in part* from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances . . . or other equipment." (Emphasis supplied.)

Under the last clause above quoted, the Supreme Court of the United States has held that a violation of the Safety Appliance Act or the Boiler Inspection Act which contributes in whole or in part to the injury of a railroad employee creates liability without regard to negligence. *Kernan v. American Dredging Co.*, 355 U.S. 426, 78 S.Ct. 394, 2 L.Ed.2d 382 (1958); *Carter v. Atlanta & St. Andrews Bay Ry. Co.*, 338 U.S. 430, 70 S.Ct. 226, 94 L.Ed. 236 (1949); *O'Donnell v. Elgin, Joliet & Eastern Ry. Co.*, 338 U.S. 384, 70 S.Ct. 200, 94 L.Ed. 187 (1949). In *Carter, supra,* the Court referred to a violation of the Safety Appliance Act as "a violation of absolute duty", adding:

". . . Once the violation is established, only causal relation is in issue. And Congress has directed liability if the injury resulted '*in whole or in part*' from defendant's negligence or its violation of the Safety Appliance Act." *Id.* 434, 70 S.Ct. 229. (Emphasis supplied.)

It has been held that where a railroad employee was injured while trying to cope with a problem created by defective equipment used in violation of the Safety Appliance Act, a jury could find causation even though the defect was not the direct or immediate cause of the injury. *Minneapolis, St. Paul & Sault Ste. Marie Railway Company v. Goneau*, 269 U.S. 406, 46 S.Ct. 129, 70 L.Ed. 335 (1926) (a case in which a trainman lost his balance and fell from a

bridge while trying to replace a defective drawbar); *Chicago, Great Western Railroad Company v. Schendel*, 267 U.S. 287, 45 S.Ct. 303, 69 L.Ed. 614 (1925) (where a brakeman was injured while engaged in cutting out a car with a defective drawbar); *New York, New Haven & Hartford R. Co. v. Leary*, 204 F.2d 461 (1st Cir. 1953), *cert. denied* 346 U.S. 856, 74 S.Ct. 71, 98 L.Ed. 370 (1953) (where conductor fell off a trestle while en route to help fix a defective air hose).

In the instant case a violation of the Safety Appliance Act was found by the jury in its answer that the train brake system had failed to function efficiently. However, in applying the test of "proximate cause" as defined by the trial court, the jury found no causal relationship between that violation and plaintiff's injury. According to the federal cases cited above, the evidence would have supported a finding that the violation did play a part in bringing about plaintiff's injury. Had it not been for the defective air brake on the boxcar, there would have been no occasion for plaintiff to disconnect that car and sustain the fall as he alighted from the car. True, the part played by the defective brake system might have been too slight, remote and unforeseeable to have supported a finding that it was a common law proximate cause in a common law negligence case. That is why the more burdensome common law definition should have been omitted from the instructions. Causation under the F.E.L.A. does not place a burden on the plaintiff to show foreseeability or cause in fact "unbroken by any new independent cause," or any other confusing elements of the common law definition.

The error was not cured by adding "[I]n this connection" a further instruction that proximate cause "means a cause which plays any part in actually bringing about or causing the injury." This is because the two definitions are mutually inconsistent. Considered together, they did not properly express the substantive law applicable to the case. By connecting or annexing an F.E.L.A. definition to the preceding common law definition, the jury was instructed in substance that proximate cause meant a common law proximate cause which played any part in causing the injury. At least the jury could have believed that in order to find an affirmative answer on the issue of causation it had to find a common law proximate cause which played a part in producing the injury.

While proof of actual or probable jury confusion over the instruction is unnecessary to our holding, such proof happens to be contained in this record. The plaintiff sought a new trial because of jury misconduct in referring to a pocket dictionary for the meaning of "proximate" or "proximate cause" during their deliberations. Ten jurors testified that there was confusion in the jury room as to the meaning of this instruction and that the dictionary was referred to before the foreman admonished them to be governed only by the definition contained in the charge. The trial court found that the use of the dictionary was misconduct, but he concluded that it was not material and that from the whole record it did not reasonably appear that injury probably resulted to the plaintiff because of such misconduct.

The Supreme Court has held that common law "proximate cause" is not a proper test of the evidence in F.E.L.A. cases. *Rogers v. Missouri Pacific Railroad Co., supra,* and *Coray v. Southern Pacific Co.,* 335 U.S. 520, 69 S.Ct. 275, 93 L.Ed. 208 (1949). Its submission as an instruction to the jury in cases governed by the statutory provisions of the F.E.L.A. has been held to be reversible error in *Hausrath v. New York Central Railroad Co.,* 401 F.2d 634 (6th Cir. 1968); *Page v. St. Louis Southwestern Railway Co.,* 312 F.2d 84 (5th Cir. 1963); *DeLima v. Trinidad Corporation,* 302 F.2d 585 (2nd Cir. 1962); *Collins v. Mercury S. S. Co., Inc.,* 549 S.W.2d 213 (Tex.Civ.App.1977, no writ); *McCalley v. Seaboard Coast Line Railroad Co.,* 265 So.2d 11 (Fla.1972); *Parker v. Atchison, Topeka and Santa Fe Railway Co.,* 263 Cal.App.2d 675, 70 Cal.Rptr. 8 (1968). These cases hold that submission of the causation instruction or issue should follow the statutory phrase "in whole or in part,"

and most of them approve a paraphrase of the language in the *Rogers* case, *supra*, in the words of the instruction requested by plaintiff in this case: ". . . a cause which played any part, no matter how small, in actually bringing about or causing the injury."

Other cases which have approved the instruction substantially as requested by the plaintiff in this case are *Pehowic v. Erie Lackawanna Railroad Co.*, 430 F.2d 697 (3d Cir. 1970); *Waller v. Southern Pacific Co.*, 66 Cal.2d 201, 57 Cal.Rptr. 353, 424 P.2d 937 (1967); *Blyzes v. Midwest Towing Co.*, 109 Ill.App.2d 48, 248 N.E.2d 305 (1969). See also *Continental Oil Company v. Lindley*, 382 S.W.2d 296 (Tex.Civ.App.1964, writ ref'd n. r. e.), in which the negligence issues in a Jones Act case, tried as provided by law under F.E.L.A. standards, simply inquired whether defendant's negligence, if any, "played any part, even the slightest, in producing plaintiff's injuries." No independent instruction was given in connection with the issue. The Court of Civil Appeals held that use of the words "even in the slightest" would be an improper comment under our state practice, and in any event unnecessary because the words "played any part" encompass the slightest part. However, the Court cited and followed the opinions of the Supreme Court of the United States and other federal decisions in concluding that the wording of the issue in F.E.L.A. and Jones Act cases was not erroneous. Cf. *Bertrand v. Southern Pacific Co.*, 282 F.2d 569 (9th Cir. 1960) cert. denied 356 U.S. 816, 81 S.Ct. 697, 5 L.Ed.2d 694 (1961).

The railroad company and the Court of Civil Appeals cite only *Tyree v. New York Central Railroad Co.*, 382 F.2d 524 (6th Cir. 1967) cert. denied 389 U.S. 1014, 88 S.Ct. 589, 19 L.Ed.2d 659 (1967), as holding that the error of submitting a common law definition of "proximate cause" may be cured by also instructing the jury in the terms of the statute. However, in *Tyree* the trial court did not emphasize the common law definition, and its charge instructed the jury at least five times that the defendant railroad was liable if plaintiff's injuries were caused in whole or in part by the negligence of the defendant. Consequently, the Circuit Court held that under such circumstances the inclusion of the common law instruction, although not in accord with the otherwise fully explained F.E.L.A. standard of causation, was not reversible error. At the same time, the court said:

"... it would be better in Federal Employer's Liability act cases if no mention of proximate cause whatever was made to the jury and, following the views of the Supreme Court as expressed in *Rogers v. Missouri Pacific R. Co.*, *supra*, that the jury be instructed on the subject of causation to the effect that if employer negligence played any part, even the slightest, in producing the injury, the employer is liable in damages . . . . ."

As indicated, we hold that the instruction containing the common law definition of proximate cause in this F.E.L.A. case placed a greater burden upon plaintiff than the federal law permits. The error amounted to a denial of plaintiff's right to a causation test prescribed by substantive law in the F.E.L.A., and it was harmful because it reasonably could and probably did cause the rendition of an improper judgment.

Accordingly, the judgments of the courts below are reversed and the cause is remanded to the trial court.