**Peggy FITZ, Plaintiff—Appellant,**

v.

**RGIS INVENTORY SPECIALISTS, et al., Defendants—Appellees.**

**No. 01–15676.**

**D.C. No. CV–96–02034–DFL(PAN).**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2002.

Decided Aug. 30, 2002.

Before FISHER and PAEZ, Circuit Judges, and WHELAN, District Judge.\*

## MEMORANDUM \*\*

Plaintiff–Appellant Peggy Fitz appeals from an adverse jury verdict in her discrimination suit against her former employer, RGIS Inventory Specialists ("RGIS") under California's Fair Employment and Housing Act ("FEHA"). *See* Cal. Gov't Code § 12940. She challenges a jury instruction relating to the employer's duty in reaching a reasonable accommodation of Fitz's disability. RGIS contends that Fitz waived the instructional issue. We affirm.

Fitz waived her challenge to the district court's rejection of her proposed instruc-

\* The Honorable Thomas J. Whelan, United States District Judge for the Southern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tion to the jury when her attorney failed to make an adequate objection. Rule 51 of the Federal Rules of Civil Procedure states: "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." In civil cases, failure to object to an instruction bars a challenge to that instruction on appeal. *Voohries–Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 713–14 (9th Cir. 2001) (explaining that "there is no 'plain error' exception in civil cases in this circuit").

Fitz contends that the objection was adequately preserved, and alternatively argues that the trial court erred when it failed to preserve the record of her objection. We are not persuaded. The purpose of Rule 51 is to alert the district court that an instruction is defective. *Id.* at 713. The objection must have been "sufficiently specific to bring into focus the precise nature of the alleged error." *Id.* (quoting *Palmer v. Hoffman*, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943)). Underpinning this requirement of specificity is the need to "bring possible errors to light while there is still time to correct them without entailing the cost, delay and expenditure of judicial resources occasioned by retrials." *Id.* (quoting *Bertrand v. S. Pac. Co.*, 282 F.2d 569, 572 (9th Cir.1960)).

The record reflects that Fitz objected to the absence of an instruction on the interactive process during a conference with the district court off the record. Subsequent proceedings, however, negated Fitz's earlier objection. After the off-the-record discussions, the district court finalized the jury instructions on the record. The judge began by stating, "Why don't we go back through them so you can put your objections on the record *and make such suggestions as you like,* and we'll take it from there." When, during the ensuring proceeding, the district court reached Fitz's proposed interactive process instruction, the following exchange took place:

THE COURT: The next one is the interactive process, and I—

MR. BOOTH (counsel for Fitz): You sort of scratched that.

THE COURT: We scratched that one. So that one comes out.

The unembellished statement of Fitz's counsel that the district court "sort of scratched that" lacks any hint of the contention Fitz now raises on appeal. *See Bertrand,* 282 F.2d at 572 ("Only by broadest inference does the remark even relate to the objection to the instruction now being urged."). The district court's response, and its order denying the motion for a new trial stating that Fitz failed to object to the instruction, reflect that the judge did not perceive her counsel's remark as an objection.

We agree with the district court that Fitz waived any objection by her conduct during the final settlement of the instructions on the record. Although Fitz may have interposed a valid objection earlier, she abandoned it during the later proceeding. Moreover, because the subsequent proceeding represented a bona fide opportunity for Fitz to bring any error to light, it would not have been a mere formality for Fitz to have renewed her objection. *Voohries–Larson,* 241 F.3d at 713. The district court gave Fitz the opportunity to object to the instructions on the record and to "make such suggestions as you like." The court stated that unless it heard an objection, it would assume that the instructions were acceptable. Despite the district court's clear directive, Fitz's counsel did not renew a specific objection.

*Id.* Fitz therefore waived any objection to the jury instruction.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.