**BRAITHWAITE LANDS LIQUIDATION CO., Inc.**

*v.*

**THE BEN HUR et al.**

**No. 14550.**

United States Court of Appeals
Fifth Circuit.
May 14, 1954.

Henry B. Curtis, Curtis, Foster & Dillon, New Orleans, La., for appellant.

Geo. B. Matthews, Charles Kohlmeyer, Jr., New Orleans, La., Lemle & Kelleher, New Orleans, La., of counsel, for appellee.

Before BORAH and RUSSELL, Circuit Judges, and DAWKINS, District Judge.

RUSSELL, Circuit Judge.

This is a libel filed by appellant against the Tug Ben Hur, owned and operated by Marine Engineering & Towboat Company, Inc., to recover for damage to its wharf alleged to have been sustained on February 26, 1950. The theory of appellant is that the Ben Hur and her tow hit the wharf with considerable force while effecting a landing and caused the damage complained of. The appellee admitted that it tied to the wharf on the night in question, but denied that it caused any damage.

The district court found the material facts as follows: The Ben Hur moored its tow at the downstream end of the wharf in a proper and seaman-like manner. When appellant's night watchman advised the master of the Ben Hur that the vessel had damaged the wharf an immediate investigation was made which revealed that the damage complained of was well upstream of the mooring point of the Ben Hur and her tow. The tow did not reach the upstream end of the wharf during its maneuvering and it could not have struck the wharf at the place where the damage was found to exist. No damage to the wharf was caused by the tug and its tow. The court further held that appellant could not avail itself of the presumption that the tug and tow must have hit the wharf because that flotilla was the only tow which tied at the wharf during the night, in view of the direct testimony of the master of the Ben Hur to the effect that he saw an unidentified tug maneuvering off the upstream end of the wharf. The court concluded that appellant had failed to prove by a preponderance of the evidence that its wharf was struck by appellee's tug or the barge in tow and entered a decree dismissing the libel.

Appellant admits that there is "the usual" conflict in the testimony of the witnesses, but urges, in effect, that the trial court should have believed and given credit to the testimony of its night watchman, Latapie, who testified that the flotilla struck the wharf with considerable force and caused the damage. His testimony, however, is in direct conflict with that of the master of the Ben Hur and her deck hand and with the undisputed fact that the wharf was damaged on its upstream end at a point where, according to the credited testimony, the Ben Hur and its tow did not come into contact with it.

The record reflects conflicts on fact issues which had to be resolved by the trial judge. With the exception of the master of the tug, who testified by deposition, the trial judge saw and heard the witnesses and was in a better position than we to determine their credibility with regard to the points on which the testimony was conflicting. Of course, this appeal brings the issues before us *de novo*; however, we will not disturb the findings of the trial court unless they are clearly against the preponderance of the evidence. Careful consideration of the record leaves us in no doubt as to the adequacy of the evidence to support the findings made by the court below. Since we conclude that they are supported by substantial evidence, the judgment of the

district court dismissing the libel will be affirmed.

In view of this conclusion, it is unnecessary for us to consider the other points raised by the appellant, since in no event would a ruling on them induce a reversal of the judgment and we will not discuss them academically. Kilgore Nat. Bank v. Federal Petroleum Board, 5 Cir., 209 F.2d 557.

Judgment affirmed.