FURNESS, WITHY & CO., Ltd., owner and operator of the Steamship THE PACIFIC STRONGHOLD, her boiler, engine, etc., Appellant,

v.

William CARTER, Appellee.

No. 16623.

United States Court of Appeals Ninth Circuit.

July 11, 1960.

Theodore A. LeGros, Summers, Bucey & Howard, Seattle, Wash., for appellants.

Kane & Spellman, John D. Spellman, Seattle, Wash., for appellee.

Before BONE, BARNES and HAMLIN, Circuit Judges.

BONE, Circuit Judge.

The S. S. Pacific Stronghold and her owner, Furness, Withy & Co. were libeled by appellee Carter as a result of injuries which he suffered while working aboard the ship as an employee of an independent stevedoring outfit. The accident occurred while Carter was operating a device known as a MacGregor Patent Steel Hatch Cover, five, half-ton sections of insulated steel plate, which in the instant case was used to cover the No. 4 hatch of the Pacific Stronghold. To open and close the hatch, the hatch cover sections are rolled from and to their closed position upon trolley wheels, four of which are fastened to each section. To maneuver the wheels into rolling position it is necessary to insert a three foot long bar into a groove on each wheel and rotate the bar through an arc of 180 degrees by manual force. The force exerted on the bar acts by leverage to turn the wheel. As it turns, the wheel, operating on the principle of the off-center or eccentrically mounted axle, lifts the section (hatch cover) from its grounded position to a height of one-half inch. The wheel is then locked so that the eccentric mount-

ing will no longer cause the hatch cover to rise and fall as the wheel turns. When this procedure is followed as to all four wheels on a section, the section becomes easily movable.[1]

Appellee was exerting the requisite manual pressure on the lever bar when the bar came out of its groove on one of the wheels and crashed against the right side of his head. He sought relief in admiralty upon two grounds: the general maritime tort of negligence, and unseaworthiness. After hearing all the evidence, the court below held that appellant had been negligent. This conclusion was reached by application of the doctrine of res ipsa loquitur without which, said the court, the libelant had failed to prove his case by the necessary preponderance of evidence.

■■ Appellant's first contention is that res ipsa loquitur is inapplicable because appellee pleaded and presented evidence of specific acts of negligence. Here, as elsewhere in the morass of res ipsa decisions, there is an abundance of precedent which will support either side of the question. Without reviewing the dubious merits of the rule invoked by appellant, we think it sufficient to express our agreement with those courts which have held that the inclusion of an allegation of general negligence in an otherwise highly specific complaint permits the plaintiff to utilize the inference of res ipsa loquitur. See Weiss v. Axler, 1958, 137 Colo. 544, 328 P.2d 88, 97; Weigand v. Pennsylvania R. Co., 3 Cir., 1959, 267 F.2d 281, 285; Prosser, Procedural Effect of Res Ipsa Loquitur, 20 Minn.L. Rev. 241, 255 n. 76 (1936) (collecting cases). In the present case, Paragraph V of the Amended Libel, alleging "negligence" without elaboration, and Paragraph VI (4), alleging a failure to "supply the libelant with safe appliances and equipment for the conduct of his work * * * " achieve the requisite generality. In regard to libelant's attempts to prove specific negligence at trial, we think his very failure to convince the

1. For another judicial description of the mechanical device here involved, see Williams v. The S. S. Richard De Larrinaga, D.C.E.D.Va.1960, 180 F.Supp. 6.

trial judge of any particulars warrants reliance upon res ipsa. See Citrola v. Eastern Air Lines, Inc., 2 Cir., 1959, 264 F.2d 815, 818; Ozark v. Wichita Manor, Inc., 5 Cir., 1958, 258 F.2d 805; Prosser, supra, at p. 254 n. 72 (collecting cases). See also 2 Harper & James, Torts § 19.10 (1956).

■ Appellant's other contentions all run to the applicability of res ipsa loquitur to the particular facts in the case at bar. Courts have repeatedly observed that the res ipsa inference is unavailable to a plaintiff unless (1) the accident probably would not have occurred in the absence of negligence, (2) the instrumentality causing the injury was, at the time of the accident, under the exclusive control of the defendant and (3) plaintiff's conduct does not impair the inference of negligence in any way. See, e. g., Siebrand v. Gossnell, 9 Cir., 1956, 234 F.2d 81, 87. Assuredly, the accident which befell appellee is of sufficient unusualness to create the inference that in the absence of negligence it would not have occurred. In addition, the trial court found that appellee was guilty of no conduct which could have contributed to his misfortune, nor did he have any part in the functional performance of the device in controversy. Once appellee's conduct is removed from the picture, appellant can point to no one whose actions can be deemed to dilute appellant's control over the hatch cover apparatus. See Jesionowski v. Boston & M. R., 1947, 329 U.S. 452, 458, 67 S.Ct. 401, 91 L.Ed. 416. Consequently, we think that this case is clearly one in which the inference of res ipsa could permissibly have been drawn by a jury. That is, while not compelled to infer negligence, a jury would be permitted to do so. See Sweeney v. Erving, 1913, 228 U.S. 233, 240, 33 S.Ct. 416, 57 L.Ed. 815. And the trial court, sitting as the trier of facts in admiralty, drew the inference of negligence just as a jury might have done in an action at law.[2] Then, in substance, the court held that defendant's evidence had not counteracted the force of the inference which, when compared to defendant's case, constituted in the court's eyes a preponderance of the evidence. To reverse, we must be convinced that the lower court's findings run clearly counter to that preponderance. See, e. g., Braithwaite Lands Liquidation Co. v. The Ben Hur, 5 Cir., 1954, 212 F.2d 851. In other words, we must find that the preponderance of evidence lies with defendant rather than with plaintiff. This we are not prepared to do.[3]

■ Defendant's case rested primarily upon the deposition of one Weeks, whose credibility we can judge as well as could the lower court. Weeks testified that he inspected the device which appellee was using when he was injured, and that he, Weeks, could find no defect in that apparatus. He also testified that if it took two men to turn a trolley wheel while opening the hatch, he would say that there was something wrong with that wheel. Appellee testified that it did take two or three men to turn one of the wheels on the hatch cover when the hatch

2. There is respectable authority for the view that Johnson v. United States, 1948, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468, a Jones Act case, propounds a broader res ipsa rule for admiralty cases than that which applies in situations outside of the maritime law. See Gilmore and Black, Admiralty, § 6–36 (1957).

3. In Cie. Des Messageries Maritimes v. Tawes, 5 Cir., 205 F.2d 5, certiorari denied 1953, 346 U.S. 858, 74 S.Ct. 69, 98 L.Ed. 371, the Court of Appeals reversed a judgment of the District Court, sitting as the trier of facts, on the grounds that the lower court erroneously ruled that the application of the doctrine of res ipsa loquitur shifted the burden of proof to the defendant. In the instant case, the situation is significantly dissimilar. Here, the lower court did not conclude that the burden of proof had been shifted from plaintiff to defendant, but held rather that the burden resting on the plaintiff to prove negligence by a preponderance of evidence was satisfied by the inference embodied in the res ipsa rule. Moreover, it seems apparent that in the Tawes case the appellate court was convinced that the evidence clearly preponderated in favor of appellant there.

was opened, and that he, appellee, was injured when this same wheel was later being rotated to close the hatch. In the face of this conflict in evidence engendered by Weeks' deposition and the testimony of appellee, we cannot say that, even without the res ipsa inference, the lower court's findings run clearly against a preponderance in appellant's favor.[4]

The judgment and decree of the lower court is affirmed.

4. We do not, nor did the lower court, reach the question of unseaworthiness, a species of liability without fault. See Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941. Apparently, unseaworthiness can be established by an inference "similar" to res ipsa. Petterson v. Alaska S.S. Co., 9 Cir., 1953, 205 F.2d 478, 479, affirmed per curiam 1954, 347 U.S. 396, 74 S.Ct. 601, 98 L.Ed. 798.