**George L. BOCK et al., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20114.**

United States Court of Appeals Ninth Circuit.

Feb. 21, 1967.

☜222(5)

Kenneth C. Hawkins, Yakima, Wash., for appellant.

Edwin L. Weisl, Asst. Atty. Gen., Roger P. Marquis, Robert M. Perry, Attys., Dept. of Justice, Washington, D. C., Frank R. Freeman, U. S. Atty., Ronald R. Hull, Asst. U. S. Atty., Yakima, Wash., for appellee.

Before HAMLEY, KOELSCH and BROWNING, Circuit Judges.

KOELSCH, Circuit Judge.

This is an appeal by a property owner from a judgment in a condemnation action brought by the United States pursuant to 23 U.S.C. § 107. The property, belonging to the appellant Bock, was taken for use in constructing under Washington State Highway Project UI–82–2(5) U.S. Highway 82, a part of the national system of interstate and defense highways.

Near the City of Yakima, Washington, U.S. 82 extends in a generally northerly and southerly direction and intersects at right angles an existing highway known as Secondary Washington State Highway 11A (State 11A). The appellant Bock's property fronted on Highway 11A to the South and consisted of a rectangular shaped tract situated a short distance east of the southeast corner of the intersection. Since Highway 82 was designated a freeway, the plan was for State 11A to bridge it by means of an overpass and to provide as a means of transferring from one highway to the other roads running diagonally across the property adjoining the four corners of the intersection. A triangular shaped piece of the northwest corner of Bock's tract was taken for one of such roads; in addition and to facilitate the movement of traffic State 11A was improved into a limited access highway and Bock's right of direct access thereto was also taken. Entrance to his remaining property was provided from the approach road that extended across the condemned parcel.

At the time of the taking, Bock was using his property for growing vegetables which he sold on the premises to highway travelers.

Bock assigns three errors, all of them rested upon the court's failure to give certain requested instructions. However, only one of them is available to him. Rule 51 provides that a party may not complain of the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects and the grounds of his objection. Here the record discloses that Bock was duly afforded an opportunity in the trial court to make his objections but expressed none at all, save as to one instruction. He is therefore not entitled to have all of them reviewed as a matter of right; and it is firmly established in this circuit that "the 'plain error' rule may not be utilized in civil appeals to obtain a review of instructions given or refused". Bertrand v. Southern Pacific Co., 282 F.2d 569 (9th Cir. 1960), cert. denied, 365 U.S. 816, 81 S.Ct. 697, 5 L.Ed.2d 694 (1961); Hargrave v. Wellman, 276 F.2d 948 (9th Cir. 1960).

The single assignment presented for our consideration concerns the refusal to give a requested instruction consisting of a portion of a Washington statute (R.C.W. 47.52.080) reading as follows:

"No existing public highway * * * shall be constructed as a limited access facility except upon the * * * condemnation of the abutting owner's right of access thereto * * *. In cases involving existing highways, if

the abutting property is used for business at the time the notice is given as provided in R.C.W. 27.52.072 [which in this case was on or shortly after June 30, 1962,] the owner of such property shall be entitled to compensation for the loss of adequate ingress to or egress from such property as business property * * *."

As is apparent from the quotation, the statute embraces two distinct subjects: first, it treats of a property right and gives statutory recognition as such to an easement of access appurtenant to and from lands abutting existing public highways; second, it deals with the matter of compensation on condemnation of the right and provides the measure of damages in those instances where the abutting land is used for business.

Bock does not make entirely clear the reason or reasons why the instruction ought to have been given. If his argument is that the jury was entitled to be advised the right of access was an element of damage to be considered in determining just compensation, we of course agree, but if he means this instruction alone would suffice, then we do not. But in any event, the trial court told the jury that "the defendant, Mr. Bock, as abutting landowner to an existing public highway, is entitled to compensation for the deprivation or obstruction of his special right of easement to access." And we are of the opinion that this instruction adequately covered the matter.

On the other hand, if Bock's argument is that the instruction was essential to declare the proper measure of damages, then we must disagree, for as the Supreme Court stated in United States v.

Miller, 317 U.S. 369, 379–380, 63 S.Ct. 276, 87 L.Ed. 336 (1943):

"We need not determine what is the local law, for the federal statutes upon which reliance is placed require only that, in condemnation proceedings, a federal court shall adopt the forms and methods of procedure afforded by the law of the State in which the court sits. They do not, and could not, affect questions of substantive right—such as measure of compensation—grounded upon the Constitution of the United States." [1]

The judgment is affirmed.

---

[1.] Entirely aside from the operation of the rule in Miller, there is a further reason why Bock's argument, even if valid, would fail: his proposed instruction so far as it related to damages was less favorable to him than those given by the court. Thus it will be noted that the state statute measures the compensation for the taking, not the value of the entire easement or any particular easement, but something less—that is, the value of an "adequate" ingress and egress to the abutting lands. In the instant case the court imposed no such statutory limitation upon value, but broadly stated that the jury should compensate Bock "for the deprivation or obstruction of his special right of easement to access."