**UNITED FRUIT COMPANY, Appellant,**

v.

**MARINE TERMINALS CORPORATION, Appellee.**

**No. 20873.**

United States Court of Appeals
Ninth Circuit.

April 13, 1967.

Rehearing Denied June 1, 1967.

Frederick W. Wentker, Jr., Lillick, McHose, Wheat, Adams & Charles, Graydon S. Staring, San Francisco, Cal., for appellant.

Edward R. Kay, San Francisco, Cal., for appellee.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

BARNES, Circuit Judge:

Andrew Navarro, a stevedore, was injured while in the process of discharging a cargo of bananas from the SS LIMON, a vessel owned by appellant United Fruit Company. He recovered a judgment against United Fruit based on a claim of unseaworthiness, which judgment is unchallenged here. United Fruit filed a third party complaint for indemnity against Marine Terminals, the stevedoring firm and Navarro's employer. The district court had jurisdiction of the third party complaint by virtue of diversity of citizenship, 28 U.S.C. § 1332. From an adverse decision on its claim for indemnity United Fruit appeals to our court, jurisdiction being premised on 28 U.S.C. § 1291.

On the SS LIMON there is an "access trunkway" into the No. 1 cargo hold. An access trunkway is a shaft, about 36″ square, running from the weather deck down to the bottom of the ship, and containing a vertical ladder for moving between the various levels. (Ex. 1–G.) Along the fore and aft sides of this shaft are bulkheads, or metal walls, to prevent cargo from falling into the shaft. The other two sides remain open for access when no cargo is near enough to fall in. When the vessel is loaded, however, wooden boards, called bin boards, are horizontally mounted across the open sides of the access trunkway to prevent cargo from falling in. On one of the bulkheads in the access trunkway is a small rack where the bin boards can be placed when not in use.

On June 4, 1960 Navarro and other longshoremen began discharging the cargo. When Navarro was standing at the bottom of the access trunkway a bin board fell from the rack and injured him. There is no evidence as to who placed the bin board in the rack, or when or why it was placed there. There was testimony, however, that immediately before it fell it was in a precarious position and fell without any intervening force. Stevedores had been using the trunkway, but the ship's crew had not; *except* that the Chief Engineer, Captain and Mate usually inspected the fruit, at all decks, using the access trunkway, the day before a vessel was to arrive in port.

United Fruit bases its claim for indemnity on its agreement with Marine Terminals and Marine Terminals' implied warranty of workmanlike service. The agreement provides:

"It is agreed between the parties that the stevedore shall be in full control of those parts of the vessel and adjoining land structures and areas in which it is conducting stevedoring operations, and shall be responsible for all personal injuries * * * without exception * * * *if caused in whole or in part by the negligence, whether active or passive, of the stevedore,* and the stevedore does hereby indemnify and hold harmless the company * * *." (Emphasis added.)

The first specification of error cites the contract phrase as to "full control," but neglects to include the qualifying reference to causation. The former without the latter does not fall within the contract. The stevedore did not agree to

be responsible for personal injuries not caused in whole or part by its negligence. Negligence by the stevedore, of course, would be a breach of its warranty of workmanlike service. The problem here is that United Fruit was unable to prove that any stevedore performed the negligent act of placing the bin board precariously in the rack.

United Fruit did not affirmatively prove the negligence of any stevedore. Its case is based on the assertion that it had to be a stevedore who did the negligent act, since they were the ones working in the area and it was necessary for the stevedores to remove the bin boards to get into the access trunkway. But the proof did not satisfy the trier of fact. The court found that "the shipowner has failed to show that the third party defendant, through any of its agents, placed the bin board in the rack," (R.T. p. 96) although the court agreed that the bin board had been placed in a precarious position by someone. (R.T. p. 97.)

 Though not describing it as such, United Fruit attempts to bring the facts within the doctrine of res ipsa loquitur. There is no doubt that res ipsa loquitur is applicable in admiralty. Johnson v. United States, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468 (1948); Furness, Withy & Co. v. Carter, 281 F.2d 264, 1 A.L.R.3d 636 (9th Cir. 1960). But, assuming arguendo that United Fruit could bring itself within the doctrine, res ipsa loquitur does not *compel* a finding of negligence.

In Johnson v. United States, supra, the court referred to and quoted with approval an earlier interpretation of the doctrine and its effect was stated in Sweeney v. Erving, 228 U.S. 233, 240, 33 S.Ct. 416, 418, 57 L.Ed. 815 (1913):

"In our opinion, *res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence,

not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; * * *."

In this circuit we have not deviated from this standard. See Ursich v. da Rosa, 328 F.2d 794 (9th Cir. 1964), cert. den. 379 U.S. 920, 85 S.Ct. 273, 13 L.Ed.2d 334 (1964); Furness, Withy & Co. v. Carter, supra. In this case the trier of fact was permitted to infer negligence and likewise permitted to reject the inference. The trial court, sitting without a jury, elected to reject that inference by finding that United Fruit had failed to show negligence on the part of the stevedore (C.T. p. 94). We cannot disturb that finding unless clearly erroneous. Rule 52(a), Fed.R.Civ.P. We find that it is not clearly erroneous.[1] In light of this finding, appellant's specifications of error are without merit.

Affirmed.

---

1. Appellant concedes that it had, under the facts, an almost impossible burden of proof. "It would be virtually impossible to prove that any particular person placed the bin board in its precarious position

on the bin board rack lip." (Appellant's Brief, p. 17.) We agree. But that difficulty does not create evidence, nor permit us to decide the issue as we might have, had we been the trier of fact.