**William BILGER, Appellant,**

v.

**MARITIME OVERSEAS CORPORA-TION, a corporation, Appellee.**

**No. 24081.**

United States Court of Appeals, Ninth Circuit.

March 24, 1971.

* Honorable William M. Byrne, United States District Judge, Central District of California.

Hugh B. Miller (appeared), of Jarvis, Miller & Stender, Inc., San Francisco, Cal., for appellant.

Warren W. Wilson (appeared), Graydon S. Staring, of Lillick, McHose, Wheat, Adams & Charles, San Francisco, Cal., for appellee.

Before KOELSCH, BROWNING, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Appellant, a merchant seaman, sued the appellee, shipowner-employer to recover damages for injury to his foot, claiming that the injury was caused by the appellee's negligence and by the unseaworthiness of its vessel. Appellant's foot was crushed when the ship's launch struck appellant as he was ascending a Jacob's ladder hanging off the starboard side of the vessel. The district court found that the appellee was not negligent and that the vessel was not unseaworthy, 304 F.Supp. 1024.

On appeal, the seaman primarily contends that the district court erred in failing to find specifically upon the seaman's claim that the doctrine of res ipsa loquitur applied. No express finding was required. Appellee presented evidence directed to the negligence and unseaworthiness issues, and the district court made express findings on both issues. Nothing in the doctrine of res ipsa loquitur compels the trier of fact to accept any inference arising from the application of the doctrine in the face of dispelling evidence. (*E.g.*, Sweeney v. Erving (1913) 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815; United Fruit Co. v. Marine Terminals Corp. (9th Cir. 1967) 376 F.2d 1007; Orr v. Southern Pacific Co. (9th Cir. 1955) 226 F.2d 841.) Appellant's argument is simply an oblique attack on the adverse findings. We have examined the findings in the light of the record, and we have concluded that none is clearly erroneous.

Appellant's last point is that the district court abused its discretion in denying his request belatedly to call a witness. We find no abuse of discretion in that refusal.

The judgment is affirmed.