**NORDDEUTSCHER LLOYD, Appellant,**

v.

**JONES STEVEDORING COMPANY,**
**Appellee.**

**No. 71–1122.**

United States Court of Appeals,
Ninth Circuit.

Dec. 14, 1973.

Lester Howard Clark (argued), John A. Flynn (appeared), of Graham & James, San Francisco, Cal., for appellant.

Donald R. Hazlewood (argued), Robert C. Taylor, San Francisco, Cal., for appellee.

OPINION

Before ELY and TRASK, Circuit Judges, and MURPHY,* District Judge.

ELY, Circuit Judge:

Jessie Culberson, a longshoreman employee of Jones Stevedoring Company (stevedore), was injured while working on a ship owned by appellant Norddeutscher Lloyd (vessel). When Culberson brought suit against the vessel for negligence and unseaworthiness, the vessel filed a third-party complaint against the stevedoring company. In that complaint, the vessel sought indemnity from the stevedore for any liability incurred by it to Culberson. Its third-party claim was based on (1) the stevedoring company's breach of its implied warranty of workmanlike service and (2) an express indemnity clause contained in its contract with the stevedore.[1] After the

---

* Honorable Thomas F. Murphy, Senior United States District Judge, Sharon, Connecticut, sitting by designation.

1. We recognize that our opinion in this case will have little precedential value, since Congress, in the Longshoremen's and Harbor Worker's Compensation Act Amendments of 1972, declared that contractual indemnity agreements between a shipowner and a stevedoring company are no longer valid in-

longshoreman's suit against the vessel was settled by compromise, the third-party action proceeded to trial. The jury returned a verdict in favor of the stevedore. The vessel's appeal emphasizes only the indemnity clause, and it vigorously argues that a jury instruction relating to that clause was prejudicially erroneous. We agree.

■ On the date of the accident, October 13, 1964, the existing contract contained the following indemnity clause:

> "The Stevedoring Company agrees to indemnify and hold harmless the Steamship Company against any claim or action whatever, which may be made or brought by an employee of the Stevedoring Company, or any other person or persons, for personal injury or death sustained on or around the company's vessels arising out of the work of the Stevedoring Company, *excepting where such injury or death is caused solely by the fault of the ship's officers, crew or equipment.*" (Emphasis added.)

It is well settled that an action based on a stevedoring contract is maritime in nature and is to be controlled by federal, and not state, law. American Stevedores, Inc. v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 (1947); A/S J. Ludwig Monwinkles Rederi v. Commercial Stevedoring Co., 256 F.2d 227 (2d Cir. 1958), petition for cert. dismissed, 358 U.S. 801, 79 S.Ct. 9, 3 L.Ed.2d 49 (1958). Moreover, this type of indemnity agreement, which was common prior to recent Congressional action,[2] does not violate public policy. United States v. Arrow Stevedoring Co., 175 F.2d 329 (9th Cir. 1949), cert. denied, 338 U.S. 904, 70 S.Ct. 307, 94 L.Ed. 557 (1949).

■ The injury to the longshoreman occurred while he was walking across a deckload of lumber aboard the ship. The lumber was covered by a tarpaulin, and Culberson fell through a gap or hole at the top of the load of lumber. At the trial both the vessel and the stevedore introduced evidence that the accident was due to the negligence of the other. The District Court, in submitting the case to the jury, quoted the indemnity provision and then further instructed the jury:

> "This provision of the stevedoring contract between the third-party plaintiff and the third-party defendant states a contract of indemnity running in favor of the third-party plaintiff. If you find that this provision of the contract has been breached then you should return a verdict in favor of the third-party plaintiff. On the other hand, if you find that this provision of the contract has not been breached then you should return a verdict in favor of the third-party defendant."

The vessel, after proffering a different instruction,[3] objected to that given by the court, and we think properly so. The court's instruction ignored the contractual agreement between the parties and failed to afford the jury with adequate guidance. That instruction, expressed in terms of breach of contract, could have created confusion. Furthermore, it failed to indicate upon whom rested the burden of proof. We agree with the vessel that if the indemnity provision is applicable the stevedore company is liable unless it can establish

---

sofar as such contracts concern an injury to a longshoreman aboard the vessel. 33 U.S.C. § 905(b) (Supp. II, 1972), *amending* 33 U.S.C. § 905 (1970).

2. *Id.*

3. The vessel requested the following instruction:
   "Under the sole fault indemnity clause applicable in this case if the shipowner North German Lloyd proves by a preponderance of the evidence that a claim has been made

against the shipowner for personal injuries arising from the work of the stevedoring company on or about the company's vessel and if you find that Jones Stevedoring Company does not by a preponderance of the evidence show that the injury was due to the sole fault of the vessel, crew, officers or equipment then the shipowner North German Lloyd is entitled to be reimbursed by Jones Stevedoring Company for any damages paid for the injury."

by a preponderance of evidence that the accident was the sole fault of the vessel's officers, crew or equipment. The jury should have been so instructed.

The only relevant decision in point that we have discovered or which the parties have cited is Pierce v. Erie R. R., 264 F.2d 136 (2d Cir. 1959). In *Pierce* an injured longshoreman recovered from the ship on his unseaworthiness claim, and the ship sought indemnity from the stevedoring company. There, the indemnity clause was narrower and required the stevedoring company to indemnify the vessel for injuries arising out of the stevedoring operations *except* when such injury was due solely to the negligence of the vessel. The longshoreman recovered from the vessel for unseaworthiness, but in the third-party action neither the vessel nor the stevedoring company introduced evidence of the other's negligence. Since no evidence of negligence on the part of either party was offered, the court affirmed the trial court's decision that the vessel was entitled to be indemnified. Although the court in *Pierce* disclaimed any decision as to the burden of proof under the clause, 264 F.2d at 140, its holding inferentially supports our conclusion.

Aside from the Second Circuit's decision in *Pierce,* other considerations lead us to believe that the burden should have been placed upon the stevedore in this case. The contract was made by two commercial entities familiar with the problems and dangers of stevedoring work. It is logical to infer that the parties intended that the burden on the sole fault issue should properly fall on the stevedore. This is because any accident which occurs in connection with stevedoring operations is likely to be unob-

served by the vessel's officers or crew and most assuredly observed by someone connected with the stevedore. Furthermore, the language of the clause, couched in terms of an exception to the indemnity rights of the vessel suggests that the issue of the vessel's sole fault is in the nature of an affirmative defense which must be pleaded and proved by the stevedore. Even if the wording has resulted from a mere choice of form by the draftsman, it does serve as a recognizable guide to the burdens of pleading and of proof. C. McCormick, Law of Evidence § 318 at 674 (1954).

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

MURPHY, District Judge.

I respectfully dissent, but I agree with Judge Ely that the charge by the trial court on the issue of burden of proof was of little or no aid to the jury. However, neither party objected to it, and its legality is not before us. In fact, appellant unequivocally states, "* * * the *only* issue presented by its appeal is whether the trial court erred in *refusing to instruct* on the burden of proof under the sole fault indemnity clause of the written contract." (Emphasis mine.) (Appellant's Opening Brief, p. 7).

The requested instruction which the court refused to give is quoted in full by Judge Ely in his footnote 3. I quote it again.[1] To this refusal appellant made timely objections.

I respectfully submit, therefore, that the only issues before us are:

Was it error not to give the requested instruction? And if it was not, as I maintain, was it plain error under Rule

1. "Under the sole fault indemnity clause applicable in this case if the shipowner Norddeutscher Lloyd proves by a preponderance of the evidence that a claim has been made against the shipowner for personal injuries arising from the work of the stevedoring company on or about the company's vessel and if you find that Jones Stevedoring Company does not by a preponderance of the evidence show that the injury was due to the sole fault of the vessel, crew, officers, or equipment then the shipowner Norddeutscher Lloyd is entitled to be reimbursed by Jones Stevedoring Company for any damages paid for the injury."

51 to charge the jury as the trial court did? (The charge is quoted by Judge Ely on page 3 of his opinion).

I add the following to Judge Ely's recitation of the facts:

The on-deck storage of the cargo of lumber occurred at Eureka, California. Some time between Eureka and Stockton, California, where it was to be discharged by appellee, Jones Stevedoring Company, it was covered with tarpaulin and secured by lashings by the ship's crew.

The lumber was large cut pieces of redwood. It was laid parallel to the fore and aft line of the ship on both the port and starboard sides, the ends being butted to each other running the length of Nos. 4 and 5 hatches. Layer by layer the load was built up in table-top fashion. At trial the vessel offered evidence of defendant stevedore's fault by proving (1) that Culberson, the injured longshoreman and employee of defendant, walked on the tarpaulin-covered lumber when he could have walked between the rail of the vessel and the cargo of lumber, and (2) that gaps in a deckload of lumber were common and customarily found in such stowage, and (3) that defendant failed to conduct a reasonably adequate inspection of the work area, which it claimed would have revealed the void in the deckload of lumber.

The defendant offered evidence (1) that the defendant's boss and safety man, accompanied by the vessel's mate and some of its crew, walked up and down the tarpaulin-covered deck cargo without incident, and (2) that Culberson walked on top of the cargo to the No. 4 hatch, where he helped rig some gear, and then walked back on the top of the cargo towards the No. 5 hatch where his gang was beginning to uncover the cargo, when he stepped into a large void covered by the tarpaulin. He testified that the deck load was as solid as a heavy table, and even though it had been raining that morning there was no depression or pool of water on the tarpaulin to indicate the void. Defendant also offered evidence tending to prove that the void was probably a sounding well to permit the sounding of the bilges while at sea.

Appellant's requested instruction, which the trial court refused to give, incorrectly stated the applicable law. Perhaps it was an afterthought, since the vessel's proof at trial far transcended its obligation if the requested instruction was sound. The requested instruction put on the stevedore the burden of proving, by a preponderance of the evidence, a nonpleaded affirmative defense, *i. e.,* that the injury was due to the sole fault of the vessel's crew, officers and equipment; and at the same time relieved the shipowner from proving, by a preponderance of the evidence, the breach of the indemnity agreement.

Judge Ely suggests (p. 4) that the issue of the vessel's sole fault "is in the nature of an affirmative defense which must be pleaded and proved by the stevedore." This is contrary to appellant's position on appeal. *E. g.,* on pages 11 and 12 of its Opening Brief it says: "Once the shipowner establishes these elements ((1) that a claim has been made against the shipowner for personal injuries; (2) that the personal injury was sustained on or about the company's vessel; and (3) that it arose from the work of the stevedoring company), he has presented a prima facie case which will allow recovery against the stevedoring company. This has the effect *of shifting to the stevedoring company the burden of producing evidence* that the ship's master, crew or equipment were solely at fault. In the event that the stevedoring company comes forward with evidence which shows some fault, although not sole fault, on the part of the shipowner, the burden then shifts back to the shipowner to establish that the stevedoring company, or some third party, was also at fault. Should the shipowner then establish such fault, the shipowner is entitled to indemnity, since he has shown that the accident was not the sole fault of the vessel's master, crew or equipment." (Emphasis mine.)

Implied in the indemnity agreement is the obligation of the shipowner, as a third-party plaintiff, to prove, by a preponderance of the evidence, that the claim of the injured party is bottomed on some fault of the stevedore, be it negligence, assault or some other tort—without such proof there is no breach. The shipowner was not suing for a declaratory judgment but for indemnification of damages it sustained.

Not too long ago we indicated that the burden of proof of negligence in a shipowner-stevedore express warranty situation is on the shipowner. In United Fruit v. Marine Terminals Corporation, 376 F.2d 1007 (9th Cir. 1967), a longshoreman was injured while unloading bananas from a ship owned by United Fruit. He was injured while standing at the bottom of an access trunkway shaft by a wooden board which fell from a rack down the shaft. United Fruit based its claim over on the stevedore's warranty of workmanlike service and on its written agreement, which provided:

> "It is agreed between the parties that the stevedore . . . shall be responsible for all personal injuries . . . without exception . . . if caused in whole or in part by the negligence, whether active or passive, of the stevedore, and the stevedore does hereby indemnify and hold harmless the company." 376 F.2d at 1008.

The indemnity clauses in *United Fruit* and in the present case are essentially similar. The shipowner will be indemnified by the stevedore under both clauses if negligence on the part of the stevedore is shown. It is clear from the plain language of the clause in *United Fruit* that some showing of the stevedore's negligence is required. The indemnity clause in the present case is basically (although not exactly) the negative of the *United Fruit* clause. It requires, for indemnification, a showing

of some negligence [2] on the part of the stevedore or on the part of anyone other than the ship's officers, crew or equipment. Because the essential requirements are the same under both clauses, the burden of proof should likewise be the same.

The lower court in *United Fruit* held that under the agreement the shipowner was not entitled to indemnification by the stevedore, finding that United Fruit had failed to show negligence on the part of the stevedore. The Court of Appeals affirmed, holding that the lower court's finding was not clearly erroneous. In a footnote the appellate court acknowledged that in attempting to show the stevedore's negligence the shipowner had "an almost impossible burden of proof," 376 F.2d at 1009 n. 1. *United Fruit* clearly supports the conclusion that in a shipowner-stevedore indemnification case such as the present one, the burden of proof is on the shipowner.

Judge Kilkenny, as a District Judge in Waterman Steamship Corp. v. Brady-Hamilton Stevedore Co., 243 F.Supp. 298 (D.Or.1965), came to the same conclusion.

In that case a longshoreman had been injured and the shipowner settled with him and sued the stevedore, Matson. The stevedore was hurt on the lower 'tween deck level of hatch No. 3 when, stepping backwards into a space where two hatch boards were missing, he sustained substantial injuries. After the settlement Waterman, the steamship owner, claimed that the stevedore Matson was obligated to indemnify it for the sums paid in settlement of the claim. The indemnity clause in the contract between them provided:

> " * * * among other things, that Matson should:
>
> " ' * * * hold harmless the vessel, its owners and operators from any claims or damage to the ship and its

---

2. Although the word "negligence" is not used in the indemnity agreement, it certainly is included under "any claim or action * * * for personal injury or death

sustained on or about the company's vessel arising out of the work of the stevedoring company."

equipment, damage to or loss of cargo, personal injury and/or death of any person which shall result from any of the following:

(1) The contractors use of his own defective gear or equipment, and (2) contractors negligent or improper use of owners and/or vessels gear or equipment, and (3) negligence of the contractor, his agents, servants and employees, when such negligence is the primary or concurrent cause of such damage, loss, personal injury and/or death.  *  *  *' "  243 F. Supp. at 300–301.

Judge Kilkenny held:

"A proper construction of the 'hold harmless' clause agreed on between the parties limits the contractor's liability to the three categories expressly mentioned.  None of those encompass the negligence or unseaworthy condition of the ship.  Libelant recognizes this limitation, but attempts to come within the 'concurrent clause' of subsection (3).  Libelant's failure to prove causative negligence on the part of Matson destroys this contention. Consequently, I must find in favor of Matson."  243 F.Supp. at 302.

Pierce v. Erie R. R. Co., 264 F.2d 136 (2d Cir. 1959), is relied upon (by the vessel and by Judge Ely) to support the conclusion that the burden of proof is on the stevedore to establish that the accident was the sole fault of the ship's officers, crew or equipment.  Such reliance is misplaced.  *Pierce* implies only that the burden of going forward with the evidence rests with the stevedore.

The longshoreman, Pierce, recovered a judgment against Erie on the theory of unseaworthiness for injuries received when he slipped on a spot of oil or grease on the deck of the lighter he was loading and fell under a draft of logs which was being lowered to the deck. The trial court decided against the stevedoring company, Spencer, on Erie's third-party complaint based upon the indemnification provision of the agreement between the stevedore and Erie.

The indemnification clause read as follows:

"Sixth: 1.  The Contractor assumes all liability for loss or damage to property and injury to or death of persons (including workmen's compensation) of:

"(a) itself, its officers, agents or employes

"(b) the Railroad, its officers, or agents or employes

"(c) all other persons or corporations, including the property being handled by the Contractor under this agreement and the Railroad's tools, machinery and equipment used by the Contractor for that purpose;

arising from any and all causes in connection with the handling of freight hereunder, and will indemnify the Railroad against any and all expense in connection therewith, except when such loss, damage, injury or death is due solely to the negligence of, or conditions created solely by the Railroad, its officers, agents or employes.

*    *    *    *    *    *

"3.  The Contractor will indemnify and save harmless the Railroad of and from any and all claims, demands, suits, costs, damages, judgments, fines or penalties, and any and all expenses, disbursements or costs incurred, or paid in connection therewith, or in connection with the handling or defense of such matters, arising from, connected with, or imposed or incurred as a result of the Contractor's failure to comply with and fulfill all of the terms, conditions and obligations or assume its full responsibility and liability, under this section or any other section of this Agreement."  264 F.2d at 137 n. 1.

No evidence of negligence was introduced either in the original action (longshoreman v. Erie) or in the third-party action (Erie v. stevedore).

The exception to the general assumption of liability is implemented only when the negligence· of the railroad is

shown. Since negligence was not an issue, the limited exception clause had no effect on the outcome of the case. The basis of the decision holding that the railroad was entitled to indemnification was the first part of the indemnity clause in which the stevedore generally assumed liability for injury or loss.

The stevedore was held liable not because it failed to carry the burden of proof on negligence but rather because it failed to raise the issue by going forward with evidence of negligence. There is no implication in *Pierce* that the burden of proof rests upon the stevedore (or for that matter upon the railroad).

This conclusion is clearly supported by the court's statement that:

"The third-party pleadings between Erie and Spencer present no issue as to the now asserted negligence of the former, so that the question of the possible burden of proof in that connection is not open to present inquiry." 264 F.2d at 140.

Further, the court implies that the burden of going forward with the evidence rests with the stevedore by finding that "had Spencer introduced testimony on the subject as against Erie in the indemnity cause, the District Judge would have been required to make an appropriate finding." 264 F.2d at 139.

The remaining issue relates to the plain error rule. Since no objection to the charge as given was made, it cannot be considered "plain error". Rule 51, F.R.Civ.P., states that:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

In the leading case, Hargrave v. Wellman, 276 F.2d 948, 950 (9th Cir. 1960), we said that the Ninth Circuit

" * * * on a number of occasions held that the 'plain error' rule may not be utilized in civil appeals to ob-

tain a review of instructions given or refused, where the ground asserted was not voiced in the trial court."

In Bertrand v. Southern Pacific Co., 282 F.2d 569 (9th Cir. 1960), cert. denied, 365 U.S. 816, 81 S.Ct. 697, 5 L.Ed. 2d 694 (1961), the Court held that the failure to object to the giving of an instruction by stating distinctly the matter and the ground of the objection precluded appellant from obtaining review of the giving of the instruction. The Court said that "whatever the rule may be elsewhere, in this circuit (9th) the 'plain error' rule may not be utilized in civil appeals to obtain a review of instructions given or refused, where the ground asserted was not raised in the trial court." 282 F.2d at 572. In accord, Bock v. United States, 375 F.2d 479 (9th Cir. 1967) ; Monsma v. Central Mutual Insurance Co., 392 F.2d 49 (9th Cir. 1968).

I would affirm.