Richard F. WILSON and Virginia R. Wilson, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 79–4227.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 14, 1981.

Decided May 18, 1981.

---

though Wilson had been instructed to the contrary, he was not wearing goggles at the time because, he said, perspiration caused his glasses to slip off. At some point, Wilson felt something enter his eye. He thought at the time that whatever was in his eye came from the insulation he was removing. He was taken to the hospital, where a doctor removed a metal sliver from his eye.

Wilson and his wife filed suit against the United States under authority of the Suits in Admiralty Act, 46 U.S.C. §§ 741–52 (1976), and the Public Vessels Act, 46 U.S.C. §§ 781–90 (1976), on the theory that the Navy personnel working nearby negligently caused a sliver to fly off in Wilson's direction. The matter was tried to the court. At the close of Wilson's case, the government moved for dismissal of the claim under Fed.R.Civ.P. 41(b), and the district court granted the motion. Wilson appeals from the dismissal. Our jurisdiction is based upon 28 U.S.C. § 1291.

The trial court gave the following explanation for its dismissal:

> The plaintiffs have failed to meet their burden of showing that any act or omission of defendant United States of America was responsible for Mr. Wilson's injury. Furthermore, there is no evidence that any activity of the defendants' employees created an unreasonable risk of harm to plaintiff Richard F. Wilson or in any way caused his injury.

The court went on to detail the lacunae in Wilson's case:

> Dr. Maehara (the attending physician) was not called to testify, nor was the metallic fragment produced; hence there is no evidence in the record as to the degree of force necessary to cause the injury, if such a determination could be made, nor to determine the possible source of the metallic object. I'm convinced from listening to Mr. Wilson's testimony that he did not actually see any

D. N. Ingman, Honolulu, Hawaii, for plaintiffs-appellants.

Warren A. Schneider, Atty., San Francisco, Cal., for defendant-appellee.

Before SKOPIL and FLETCHER, Circuit Judges, and EAST, District Judge.*

FLETCHER, Circuit Judge:

Wilson, a civilian shipyard worker, alleges he was injured when a metal sliver entered his eye while he was working in the engine room of the U.S.S. ASHTABULA. On the day of the accident, Wilson was breaking loose bilge pumps in the engine room. The accident apparently occurred as he was removing insulation surrounding bolts securing the bilge pumps. Navy personnel were using chisels, hammers, and other tools to loosen a valve on a bulkhead nearby. Al-

---

* The Hon. William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

slivers emanating from the area in which he testified the crew members were working, and that his present explanation for the injury is surmise.

Wilson's principal argument on appeal is that the trial court should have invoked the doctrine of *res ipsa loquitur* and, based thereon, should have shifted the burden of persuasion to the United States to rebut the inference of negligence.[1]

### DISCUSSION

■■■ The trial judge granted a dismissal under Fed.R.Civ.P. 41(b) at the close of Wilson's case.[2] The Rule 41(b) dismissal must be distinguished from a directed verdict under Rule 50(a). A directed verdict is appropriate where, in a case tried to a jury, the trial judge is convinced that a reasonable person could decide the case only one way. The trial judge does not act as factfinder. Dismissal under Rule 41(b), in contrast, occurs in a bench trial when the trial judge concludes that the plaintiff has not made out a case. The trial judge in ruling on a Rule 41(b) motion is the factfinder. The distinction has been explained as follows:

> This role of the court [in granting a Rule 41(b) dismissal] is quite different than [its role in directing a] verdict in a jury case where the judge is not the trier of the facts and cannot make the factual deter-

mination. In the court case, however, since the judge is the trier of the facts he may weigh and consider the evidence and sustain defendant's motion though plaintiff's evidence establishes a prima facie case that would have precluded a directed verdict for defendant in a jury case. 5 *Moore's Federal Practice* ¶ 41.13[4] at 41–193 through 94 (second ed. 1980); *see Southern Arizona York Refrigeration Co. v. Bush Manufacturing Co.*, 331 F.2d 1, 6 (9th Cir. 1964); *Ellis v. Carter*, 328 F.2d 573, 577 (9th Cir. 1964). The findings of fact that Rule 41(b) requires the judge to make may not be reversed on appeal unless clearly erroneous. *Moore v. City of San Jose*, 615 F.2d 1265, 1273 (9th Cir. 1980).

■■■ Wilson argues that the doctrine of *res ipsa loquitur* required the judge to deny the Rule 41(b) motion and to direct the government to rebut the inference of negligence. This argument is based on a misconception of the procedural effect of the doctrine of *res ipsa loquitur.*[3] In this circuit, the application of the doctrine of *res ipsa loquitur* simply makes it permissible to draw an inference of negligence from a set of facts. Invocation of the doctrine does not establish a presumption of negligence or shift the burden of proof. *Bilger v. Maritime Overseas Corp.*, 439 F.2d 707 (9th Cir. 1971); *Ursich v. da Rosa*, 328 F.2d 794, 796–98 (9th Cir.), *cert. denied*, 379 U.S. 920, 85 S.Ct. 273, 13 L.Ed.2d 334 (1964).[4]

---

1. Wilson also argues that the trial court erroneously based its decision against him on a finding of contributory negligence. Notwithstanding the trial court's reference in its memorandum opinion to Wilson's failure to wear safety goggles, the opinion as a whole makes clear that the trial court did not invoke contributory negligence to bar Wilson from recovery.

2. Rule 41(b) provides in pertinent part:
    (b) INVOLUNTARY DISMISSAL: EFFECT THEREOF.... After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any

judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)....

3. We express no view as to whether the doctrine of *res ipsa loquitur* could properly be invoked on the facts of this case. As we explain *infra*, even if *res ipsa loquitur* applies we are bound by the trial judge's refusal to draw an inference of negligence.

4. *Southern Arizona York Refrigeration Co. v. Bush Manufacturing Co.*, 331 F.2d 1 (9th Cir. 1964), is not to the contrary. *Southern Arizona* was a diversity case in which the plaintiff invoked *res ipsa loquitur*, but the trial court nevertheless granted defendant's Rule 41(b) motion to dismiss. This court reversed, finding that the case was appropriate for the invocation of *res ipsa*, and ruling that under California law, the doctrine of *res ipsa* "raise[s] the

In this case, the trial judge was the factfinder. The judge was not convinced that the inference of negligence should be drawn:

> Plaintiffs have invoked the doctrine of *res ipsa loquitur* in an attempt to sustain their burden of proof. I'm convinced, after listening to the testimony of plaintiff Richard F. Wilson and considering the contentions and arguments of counsel, that the application of that doctrine in the circumstances of this case is insufficient to sustain plaintiff's burden, and I am further convinced that plaintiffs have not proven their case by a preponderance of the evidence.

The judge found that Wilson's evidence did not support an inference of negligence. This is a finding of fact. It is not clearly erroneous, and therefore it and the resultant judgment below are

AFFIRMED.

---

inference of negligence ... and place[s] the burden on the defendant of offering evidence sufficient to at least rebut such inference." 331 F.2d at 8. The court evidently read California law as establishing a presumption which, in the absence of countervailing evidence introduced by defendant, would entitle the plaintiff to judgment. *See also Southern Arizona York Refrigeration Co. v. Bush Manufacturing Co.,*

361 F.2d 336, 339 (9th Cir. 1966) (after remand).

    Whatever the effect of *res ipsa* under California law, it has no burden-shifting effect under the federal law applicable to this case.