**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORBERTO VEGA-ALVARADO, a.k.a. Norberto Vega, a.k.a. Norberto Alvarado, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73551 <br><br> Agency No. A013-086-266 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 12, 2012
San Francisco, California

Before: WALLACE, D.W. NELSON, and BEA, Circuit Judges.

Vega-Alvarado petitions for review of a decision of the Board of

Immigration Appeals affirming the immigration judge's denial of his motion to

terminate removal. Because we determined there to be a genuine issue of material

fact about Vega-Alvarado's nationality, the proceeding was transferred to the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

district court for a new hearing and decision on Vega-Alvarado's claim of United States nationality. *See* 8 U.S.C. § 1252(b)(5)(B). Vega-Alvarado seeks review of the district court's finding that he failed to prove his claim to United States citizenship. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The issue before the district court was whether Vega-Alvarado established by preponderance of the evidence that his father, Agustin Vega (Agustin), was physically present in the United States for at least ten years before Vega-Alvarado's birth in 1959, five of which were after Agustin turned fourteen in 1935. *See Runnett v. Shultz*, 901 F.2d 782, 783 (9th Cir. 1990) ("The applicable law for transmitting citizenship to a child born abroad when one parent is a U.S. citizen is the statute that was in effect at the time of the child's birth"); Immigration and Nationality Act of 1952, ch. 477, Title III, ch. 1, § 301, 66 Stat. 235, codified at 8 U.S.C. § 1401(a)(7) (repealed 1966).

Reviewing the district court's credibility determinations for clear error, *Papakosmas v. Papakosmas*, 483 F.3d 617, 623 (9th Cir. 2007), we hold that the district court did not clearly err in finding testimony by Maria Rosario Carrera, Jovita Banda Bermejo, Eliseo Vega, and Esperanza Lopez Alvarado to be biased or not credible. The district court separately analyzed the testimony of each witness

2

and determined it to be unreliable in light of the factual deficiencies combined with the familial relationships. This is consistent with our circuit precedent. *See Cuellar v. Joyce*, 596 F.3d 505, 511 (9th Cir. 2010) (probative value of sister's report was "limited given the sister's likely bias," along with other factors).

In light of the district court's credibility determinations and lack of documentary evidence to support Vega-Alvarado's claim, we hold that the district court did not clearly err in finding that Vega-Alvarado failed to prove that his father was present in the United States for the requisite time. *See Wilson v. United States*, 645 F.2d 728, 731 (9th Cir. 1981) (district court's determination that a party did not carry his burden to prove a fact is reviewed for clear error). Because our holding would be the same even if the district court had not excluded as hearsay the testimony regarding Agustin's statements about time spent working in the United States and Agustin's alleged reputation in the community for working in the United States, we need not reach the propriety of the district court's decision not to admit the testimony under Federal Rules of Evidence 803(19), 804(b)(4)(A), and 807.

**PETITION FOR REVIEW DENIED.**