Filed 8/15/24  P. v. Sealie CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B327735 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA034917) |
| v. | |
| AARON IZELL SEALIE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Charlaine F. Olmedo, Judge.  Reversed and remanded.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Stephanie A. Miyoshi, Deputy Attorney General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Aaron Izell Sealie (defendant) appeals the trial court's summary denial of his petition for relief under Penal Code section 1172.6[1] on his three second degree murder convictions.  Because the jury was instructed on a now-invalid theory of murder liability and because an error with the jury instructions for the conspiracy to commit murder count means that the jury was not otherwise required to find that defendant acted with the intent to kill, he is not ineligible for relief as a matter of law.  We accordingly reverse and remand the matter for an evidentiary hearing as to defendant's three murder convictions.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). We therefore refer to the law formerly codified at section 1170.95 as section 1172.6.

## FACTS AND PROCEDURAL BACKGROUND

I. **Facts**[2]

    A.    *The underlying crime*

On December 2, 1995, defendant drove two armed men into the Nutty Block Crips gang territory. The two men opened fire on a group of four individuals, killing three of them. None of the four individuals were actually affiliated with the Nutty Block Crips.

Defendant and his cohorts were members of the Spooktown Crips or street gangs allied with the Spooktown Crips. Their "mission" into Nutty Block Crips territory was in retaliation for a shooting that killed a Spooktown Crips member earlier that day.

    B.    *Charging, conviction, and appeal*

The People charged defendant and his two cohorts with conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a)) and three counts of first degree murder (§ 187, subd. (a)), and the People further alleged that a principal used a firearm (§ 12022, subd. (a)(1)).

At trial, the trial court instructed the jury on (1) the crime of conspiracy to commit murder; (2) the crime of murder; (3) as to the crime of murder, (a) liability as a direct aider and abettor to the killings, (b) liability for murder as a natural and probable consequence of aiding and abetting assault with a deadly weapon, and (c) liability for murder as the natural and probable consequence of participating in the conspiracy to commit murder; (4) voluntary manslaughter as a lesser-included offense to

---

**2**     Some of the facts are set forth in our prior, unpublished opinion affirming defendant's conviction on appeal. (*People v. Sealie* (June 8, 2000, B125658) [nonpub. opn.].)

murder due to acting in the heat of passion; and (5) the defenses of (a) duress and (b) voluntary intoxication.

The jury convicted defendant of conspiracy to commit murder and three counts of second degree murder, and found true the allegation of a principal's use of a firearm.

The trial court sentenced defendant to 25 years to life on the conspiracy count and stayed the three 15-years-to-life prison sentences for the second degree murder counts.

We affirmed the conviction on appeal.

## II.    Procedural Background

On October 22, 2021, defendant filed a petition for a writ of habeas corpus seeking relief identical to the relief offered under section 1172.6, and the trial court appointed counsel.  The People filed an opposition, and defendant filed a brief in support of his petition.  At a hearing on January 9, 2023, the trial court summarily denied the petition after finding "as a matter of law [defendant was] ineligible for relief" under section 1172.6.

Defendant filed this timely appeal.

## DISCUSSION

Defendant argues that the trial court erred in summarily denying his petition for relief under section 1172.6.

As pertinent here, section 1172.6 is the procedural vehicle through which defendants convicted of murder can seek to vacate their convictions if those convictions rested on a theory that *imputes* malice to a defendant who was not the actual killer (rather than requiring a showing that the defendant *personally harbored* the requisite malice).  (§ 1172.6, subd. (a).)  A trial court may summarily deny a section 1172.6 petition—that is, may deny such a petition without holding an evidentiary hearing—only if the defendant is "ineligible for relief at the prima facie stage as a

4

matter of law" because it is not possible that the jury's verdict could rest on a theory of imputed malice. (*People v. Estrada* (2024) 101 Cal.App.5th 328, 338; *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 867-868 (*Lovejoy*); *People v. Lewis* (2021) 11 Cal.5th 952, 966.) We review a trial court's summary denial de novo. (*People v. Allen* (2023) 97 Cal.App.5th 389, 395 (*Allen*).)

As a threshold matter, the only question before us is whether section 1172.6 provides any relief for defendant's *murder* convictions. By its plain terms, section 1172.6 does not provide relief for convictions for the crime of *conspiracy to commit murder*. (*People v. Whitson* (2022) 79 Cal.App.5th 22, 34 (*Whitson*); *Lovejoy*, *supra*, 101 Cal.App.5th at pp. 870-871.)

Because the jury in defendant's case was instructed on a theory of imputed malice (namely, the theory that defendant is liable for the murders as a natural and probable consequence of an assault with a firearm committed by his cohorts), and because the jury's general verdict does not specify which of the theories on which the jury was instructed it relied on in convicting defendant, it is possible that his conviction rests on an invalid theory; thus, defendant is not ineligible for section 1172.6 relief as a matter of law. (Cf. *Allen*, *supra*, 97 Cal.App.5th at p. 395.)

The People respond that this uncertainty is irrelevant because the jury found defendant guilty of conspiracy to commit murder, and thus necessarily concluded defendant acted with the intent to kill rather than on a theory rested on imputed malice. To be sure, a finding that a defendant is guilty of conspiracy to commit murder means that the defendant is ineligible for relief for the murders that are the object of that conspiracy. That is because a defendant is guilty of conspiracy to commit murder only if the defendant acts with the intent to kill and because the

5

jury's finding of intent to kill as to the conspiracy count applies with equal force to the associated murder counts. (*Whitson*, *supra*, 79 Cal.App.5th at pp. 32-33; *Allen*, *supra*, 97 Cal.App.5th at pp. 395-396; *People v. Medrano* (2021) 68 Cal.App.5th 177, 182-183.)

But this chain of logic holds only if the jury is properly and fully instructed on conspiracy to commit murder. (*Whitson*, *supra*, 79 Cal.App.5th at pp. 32-33.) Where the conspiracy instruction omits the requirement that the jury find the defendant acted with the intent to kill, then that conspiracy conviction does not necessarily rest on a finding of intent to kill that would render a defendant ineligible for relief on the associated murder counts as a matter of law. (*Ibid.* [so holding].)

The instruction for conspiracy to commit murder in this case did not require the jury to find that defendant acted with the intent to kill.[3] Although the instruction at one point stated that "[t]he crime of conspiracy to commit murder requires proof that the conspirators harbored express malice aforethought, namely, the specific intent to kill unlawfully another human being" (CALJIC No. 8.69), the same instruction went on to list the "elements" of conspiracy as requiring proof that "1. Two or more persons entered into an agreement to kill unlawfully another human being; 2. [*At least two*] of the persons specifically intended to enter into an agreement with one or more persons for that purpose; 3. [*At least two*] of the persons to the agreement harbored express malice aforethought, namely a specific intent to kill unlawfully another human being; and 4. An overt act was

---

[3]    We note that the parties did not squarely address the defect in the conspiracy instruction before the trial court, but our independent review warrants our doing so.

committed in the state by one or more of the persons [who agreed and intended to commit murder]." (CALJIC No. 8.69, italics added.) Because the facts of this case involved *three* conspirators, the italicized language made it possible for the jury to convict defendant of conspiracy even if his *two cohorts* were the only persons to enter into the agreement with the specific intent to kill. Although the People urge no reasonable jury would read this instruction to allow for a conviction without a finding of the intent to kill for *all* conspirators, our Supreme Court held to the contrary in *People v. Garton* (2018) 4 Cal.5th 485. There, the court noted that "[a]sking the jury to find specific intent for 'at least two' conspirators in a conspiracy with more than two members . . . could potentially lead a jury to find an individual conspirator guilty without finding that he or she possessed a specific intent to agree or to kill." (*Id.* at p. 516.) Because it is possible that the jury found defendant guilty of conspiracy without finding that he harbored an intent to kill,[4] the conspiracy to commit murder conviction does not render defendant ineligible as a matter of law for relief under section 1172.6 for the associated murder convictions.

The People resist this conclusion with one further argument. The People assert that the prosecutor's closing argument emphasized that the jury had to find defendant acted with the intent to kill. However, counsel's argument cannot

_____

4      That the conspiracy to commit murder instruction contains an error that makes it *possible* the jury did not find defendant acted with intent to kill does not mean that defect in the instruction was prejudicial to the conspiracy count and does not mean that a trial court could not, after an evidentiary hearing, conclude that defendant aided and abetted the murders at issue with the intent to kill. Those issues are not before us.

7

negate what the jury instructions make possible.  (See *People v. Brown* (1988) 45 Cal.3d 1247, 1255; *Parker v. Atchison T. & S.F. Ry. Co.* (1968) 263 Cal.App.2d 675, 680.)

In light of our analysis, we have no occasion to reach the multifarious other reasons defendant offers as to why summary denial was inappropriate.

## DISPOSITION

The order summarily denying defendant's section 1172.6 petition is reversed, and the matter remanded for the trial court to conduct an evidentiary hearing on defendant's second degree murder convictions.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

8